968 So.2d 131 (2007)
STATE of Louisiana
v.
Joseph Wayne PINION.
No. 06-K-2346.
Supreme Court of Louisiana.
October 26, 2007.
Louisiana Appellate Project, Frank Sloan, for applicant.
Charles C. Foti, Jr., Attorney General, Scott M. Perrilloux, District Attorney, Ann Morgan Trahan Griggs, Patrick Walsh Dunn, Donald J. Wall, Jr., Assistant District Attorneys, for respondent.
PER CURIAM.
The state charged defendant by grand jury indictment with second degree murder in violation of La. R.S. 14:30.1. In March 2005, a Tangipahoa Parish jury found defendant guilty as charged. The trial court sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, the First Circuit affirmed defendant's conviction and sentence, State v. Pinion, 05-1954 (La.App. 1st Cir.6/9/06), 931 So.2d 565 (unpub'd), and denied defendant's request for rehearing on August 22, 2006. Among other arguments, the court of appeal rejected defendant's claim that the failure of the court reporter to record adequately the bench conferences in which the state and defense made challenges for cause and exercised their peremptory challenges, during a voir dire examination which otherwise appeared adequately recorded and transcribed for the appeal, deprived him of his constitutional right to meaningful appellate review. The court of appeal agreed with defendant that "the transcript containing the bench conferences at issue makes it impossible to determine *132 which jurors were challenged for cause and which jurors were peremptorily excused." Pinion, 05-1954 at 5. In addition, the court of appeal noted that while the minute entries regarding jury selection identified by name all of the prospective jurors called for examination and recorded which jurors had been selected on the panel, the minutes failed to record which side excused the remaining jurors. Nevertheless, the court found that while defendant "claim[ed] to be in the position of not being able to show any prejudice because of the inadequate transcript . . . at no time in open court was any objection made to the general composition of the jury." Id. at 6. The court of appeal thus concluded that defendant had "fail[ed] to make the required showing of prejudice based on the missing portions of the transcript." Id. We granted defendant's application to consider the decision below and now reverse because it is possible to reconstruct portions of what transpired during the bench conferences and to determine with a reasonable degree of certainty that defendant's appeal was in fact prejudiced by the inadequate record.
Jury selection in the present case required three panels of 14 prospective jurors each. As the court of appeal found, the questioning of all three panels by the state, defense, and trial court, appears to have been completely recorded and transcribed. However, state and defense exercised their cause and peremptory challenges out of earshot of the prospective jurors during bench conferences that the parties clearly assumed the court reporter would record and transcribe for the record in the event of an appeal. The procedure conformed to La.C.Cr.P. art. 795(B)(2), which provides that "[p]eremptory challenges of jurors shall be made and communicated to the court in a side bar conference of the judge [and] the attorneys conducting the examination and selection of jurors. . . . The conference shall be conducted in a manner that only the court [and] the attorneys . . . are aware of the challenges made until the court announces the challenges without reference to any party or attorney in the case." (emphasis added).
However, evidently because of unforeseen technical difficulties, the recording made of the bench conferences became increasingly garbled as the court worked through the panels of prospective jurors. As a result, many of the challenges made by counsel for the state and defense, but not all, became lost in a haze of "inaudible" responses. Nevertheless, a comparison of the list provided in the court minutes of jurors called for examination and selected to serve on the panel with the extant intelligible portions of the bench conferences indicates that jury selection appears to have gone generally as follows.
From the first panel of 14 jurors, culled down to 13 jurors after the court excused one (Epperson) during the questioning, seven jurors were provisionally selected by the state (McVay, Bowman, Brumfield, Flattmann, May, Dangerfield, Carrone), and six jurors were excused either by the state peremptorily or by the court for cause (Seal, Fallon, Robertson, Flynn, and McKnight). The transcript of this bench conference inexplicably omits any mention of defense counsel. However, because Bowman and Brumfield did not serve on the jury panel, we presume that defense counsel then struck those jurors, leaving a balance of five jurors selected.
From the second panel of 14 prospective jurors, four jurors were selected (Peltier, Kramer, Compton and Turner), four were excused peremptorily by the state (Hunt, Foster, Tuminello, Vinet), two were excused by the court for cause (Brown and Dodd), and the remaining four jurors were *133 evidently excused peremptorily by the defense (Fields, Soniat, Fox, Dumington).[1] Thus, through the first and second panels of prospective jurors, defense counsel appears to have used six of his allotted 12 peremptory challenges. La.C.Cr.P. art. 799. In the last panel, by far the most troublesome of the three, it appears that five jurors were provisionally selected (Robique, Bender, Perkins, Bankston and Cefalu). Bankston then became the twelfth person on the jury after the court excused juror May (selected from the first panel) at the close of voir dire examination and Cefalu then served as the alternate juror. It appears that the defense exercised six peremptory challenges, at least one of them after the court denied a cause challenge,[2] and that the state exercised one peremptory challenge. As to the remaining venirepersons, Corbin and Illes, it is impossible to determine which side removed them from the panel. In fact, as the following excerpt indicates, the recording process had almost completely failed by the time of the third bench conference:
THE COURT: Josephine Raborn?
BY MR. THIEL: Challenge.
THE COURT: Do what?
BY MR. THIEL: Challenge.
THE COURT: Okay Johnny Varnado?
BY MR. THIEL: (Inaudible)
THE COURT: No you don't have to. Hector Smedley?
BY MS. PARKER: (Inaudible).
By MR. THIEL: (Inaudible)
THE COURT: Hmm?
BY MR. THIEL: (Inaudible)
THE COURT: Okay, (Inaudible) saying he works for Amtrak.
BY MS. PARKER: (Inaudible)
THE COURT: (Inaudible).
BY MR. THIEL: Inaudible.
Later in the bench conference, the transcript accounts for prospective juror Smedly, whom the defense backstruck from the panel. However, the parties exercised their challenges in the order in which the jurors were called, and there is no accounting for prospective juror Linda Corbin, who was called after juror Smedley but before juror Shawn Bordok, whom *134 the state excused, or for juror Katherine Illes, the twelfth juror on the panel, who also simply disappeared in the transcribed selection process. The court of appeal thus overstated the case somewhat when it observed that it was impossible to determine which jurors had been struck peremptorily and which had been excused for cause.
Enough of the selection process survived the technical recording difficulties to determine with a reasonable degree of certainty that defense counsel exhausted his peremptory challenges by the end of the third panel and thereby positioned defendant to raise on appeal in the event of conviction the trial court's denial of his cause challenges to jurors he then struck peremptorily without a showing of actual prejudice beyond the loss of one or more peremptory challenges. State v. Ross, 623 So.2d 643, 644 (La.1993)("Prejudice is presumed when a challenge for cause is erroneously denied and all of defendant's peremptory challenges are exhausted. . . . A trial court's erroneous ruling which deprives a defendant of a peremptory challenge substantially violates that defendant's rights."); cf. State v. Connolly, 96-1680, p. 10 (La.7/1/97), 700 So.2d 810, 818 (failure to remove juror with a remaining peremptory challenge waives appellate review of trial court's denial of a cause challenge to the jury); State v. Mitchell, 94-2078, p. 4 (La.5/21/96), 674 So.2d 250, 254 (the Court need not reach the question of whether there was an erroneous denial of a cause challenge when the defendant struck the juror and had peremptory challenges remaining at the close of jury selection); State v. Fallon, 290 So.2d 273, 282 (La.1974)(same).
In this respect, review of the record indicates that the trial court denied at least two defense cause challenges (Fox in the second panel and Zeringue in the third panel) and may have denied others. For example, Katherine Illes, who had two sisters employed by the District Attorney's Office in Tangipahoa Parish, appeared a likely target of a defense cause challenge in the third panel, although she insisted the relationships would not affect her impartiality. Given the present state of the record, particularly with regard to the obscure third bench conference, a reasonable possibility exists that counsel made still other cause challenges before excusing the jurors peremptorily and that these cause challenges became fatally obscured in the wayward recording of the bench conferences.
Although it reached the wrong result in the present case, the court of appeal began with the correct premise. This Court has never articulated a per se rule either requiring the recording of bench conferences or exempting them from the scope of La.C.Cr.P. art. 843, which requires in felony cases the recording not only of the evidentiary portions of trial but also of "the examination of prospective jurors . . . and objections, questions, statements, and arguments of counsel." State v. Hoffman, 98-3118, p. 50 (La.4/11/00), 768 So.2d 542, 586. The Court has instead conducted a case-specific inquiry to determine whether the failure to record the conferences results in actual prejudice to the defendant's appeal. As a general rule, the failure of the record to reflect the argument of counsel on objections, even when made in open court, does not affect a defendant's appeal because it does not hinder adequate review of the trial court's ruling. State v. Johnson, 438 So.2d 1091, 1104 (La.1983). Thus, the failure to record bench conferences will ordinarily not affect the direct review process when the record suggests that the unrecorded bench conferences had no discernible impact on the proceedings and did not result in any *135 specific prejudice to the defendant. See, e.g., Hoffman, 98-3118 at 50-51, 768 So.2d at 587 (trial court cured any record problems "by summarizing substantive unrecorded conferences for the record"); State v. Castleberry, 98-1388, pp. 28-29 (La.4/13/99), 758 So.2d 749, 773 (three unrecorded bench conferences during direct examination of state witnesses had no discernible impact on the proceedings and the fourth concerned a mistrial motion by defense counsel, the basis of which was "easily ascertainable from the record" without regard to the unrecorded side-bar discussion); State v. Deruise, 98-0541, pp. 9-15 (La.4/3/01), 802 So.2d 1224, 1233-37 (failure to record bench conferences in which the prosecutor and defense counsel made their peremptory and cause challenges did not prejudice the appeal when the jury strike sheet was available for review and detailed the exercise of peremptory challenges by both sides and when the transcript of the voir dire revealed a substantial basis for denying a defense cause to the juror, even assuming that the challenge had been made but not preserved in the record; remaining unrecorded bench conferences involved evidentiary matters that were otherwise addressed in the appeal, or involved matters of no discernible impact for which the defendant failed to demonstrate prejudice); State v. Allen, 95-1754, p. 11 (La.9/5/96), 682 So.2d 713, 722 (failure to record arguments at the bench concerning some of the defense peremptory challenges harmless when challenges for cause and arguments on the challenges were fully transcribed in the record and the minutes clearly reflected which jurors had been excused peremptorily and whether the state or defense had exercised the challenge).
On the other hand, in State v. Landry, 97-0499 (La.6/29/99), 751 So.2d 214, a combination of loud construction noise at the courthouse and audio recording problems on the part of the court reporter rendered the record grossly incomplete in several respects, including the failure to record peremptory strikes and challenges for cause made at the bench. Landry, 97-0499 at 1-2, 751 So.2d at 215. This Court reversed the defendant's capital conviction and sentence and remanded for a new trial because the deficiencies deprived the defendant of his constitutional right of appeal and judicial review. Landry, 97-0499 at 4, 751 So.2d at 216. The Court thereby reaffirmed that "it is not the defendant's obligation to insure an adequate record. . . . it is the duty of the court. . . . to see that the court reporter makes a true, complete and accurate record of the trial." Landry, 97-0499 at 3, 751 So.2d at 216 (citing American Bar Association Standards Relating to the Function of the Trial Judge, § 2.5 (1972)).
In the present case, the trial court and not defense counsel had the duty to insure that the bench conferences involving jury selection were properly recorded because La.C.Cr.P. art. 795(B)(2) required that counsel for the state and defense exercise their peremptory challenges in side bar conferences out of the hearing of jurors, and further required that the court refrain from attributing the strikes to either side on the record when excusing the jurors. Counsel therefore could reasonably assume that the court had taken adequate steps to preserve the record of the side-bar conferences for appeal just as counsel could reasonably assume that the evidentiary portions of trial were also adequately recorded and preserved for review. Counsel could also reasonably assume that the court had discharged its correlative duty of insuring that the minutes of the proceedings would conform to the requirements for the lodging of appeals in criminal cases in the courts of appeal and this Court, and thus include a list of challenges for *136 cause and peremptory challenges in addition to a list of jurors selected to try the case. See La.S.Ct. Rule I, § 6(b); Rule 2-1.5(3) and (4), Uniform Rules Courts of Appeal.
Although the court of appeal faulted counsel for not making a general objection on the record to the composition of the jury, an objection that counsel had been forced to accept an obnoxious juror as the result of the trial court's erroneous ruling on one or more cause challenges has not been an aspect of the Court's jurisprudence for preserving error in the denial of cause challenges for over 50 years since State v. Breedlove, 199 La. 965, 7 So.2d 221 (1942) was legislatively superceded in the 1966 revisions to the Code of Criminal Procedure. See State v. Robertson, 92-2660 (La.1/14/94), 630 So.2d 1278, 1279-80. In jury selection, counsel satisfies the requirements of Louisiana's contemporaneous objection rule by stating his grounds for a cause challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause. La. C.Cr.P. art. 841 ("It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take . . . and the grounds therefor.").
In this particular instance, by operation of art. 795(B)(2), bench conferences are a material part of the proceedings for purposes of La.C.Cr.P. art. 843 and their omission from the present case, given the reasonable likelihood that counsel exhausted his peremptory challenges, the uncertainty with respect to how many cause challenges the defense made unsuccessfully, and the absence of other contemporaneous records accounting for the selection process, e.g., adequate minutes or jury strike sheets, requires reversal of defendant's conviction and sentence. State v. Ford, 338 So.2d 107 (La.1976) (reversal required in second degree murder case in which record missing the testimony of four state witnesses and the voir dire of prospective jurors); compare State v. Goodbier, 367 So.2d 356 (La.1979)(absence of voir dire transcript from the record did not compromise defendant's appeal when affidavit of the court report indicated that counsel failed to exhaust his peremptory challenges).
Accordingly, the decision of the court of appeal is reversed, defendant's conviction and sentence and vacated, and this case is remanded to the district court for further proceedings consistent with the views expressed herein.
DECISION OF COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] As the following excerpt from the second bench conference indicates, it is possible to make an educated guess as to what transpired with respect to some of the prospective jurors despite the frequent "inaudible" responses recorded by the court reporter:

THE COURT: Alright Michael Fox.
BY Ms. PARKER (prosecutrix): Acceptable
BY MR. THIEL (defense counsel): (Inaudible)
BY MS. PARKER: Based on what?
BY MR. THIEL: (Inaudible)
THE COURT: (Inaudible) I'll let you challenge him. I'll let you release him of course, but I'm not going to do it for cause.
BY MR. THIEL: (Inaudible).
BY MS. PARKER: Yeah but I think you rehabilitated him when you (Inaudible).
THE COURT: And I thought he was rehabilitated.
BY MS. PARKER: He said he could listen to the doctors and make a decision then.
THE COURT: Okay he's out, but that's (inaudible).
It reasonably appears from this incomplete transcript that the defense challenged juror Fox for cause, the court denied the challenge, and the defense then excused Mr. Fox, who did not sit on the jury, in the exercise of a peremptory challenge.
[2] As with juror Fox in the second panel, the transcript of the third bench conference suggests that prospective juror Mary Ann Zeringue, who did not sit on the jury, was excused by a defense peremptory after the trial court denied a cause challenge:

THE COURT: Okay Mary Ann Zeringue?
BY MR. THIEL: (Inaudible).
THE COURT: I'm not going to, I think she cured her.
BY MR. THIEL: (Inaudible).
THE COURT: Josephine Raborn?
BY MR. THIEL: Challenge.