JAMES F. MCKAY III, CHIEF JUDGE
ON REMAND
Factual Background
In an opinion rendered September 13, 2017, this Court reversed the defendant's conviction due to an incomplete record and remanded the case for a new trial, observing:
that the discussions of the jury challenges are not available and the record does not contain any documentation, i.e., minute entries, jury strike-sheet from which it can be determined whether there was a basis for the challenge for cause that the defense brought and was improperly denied by the trial court, thereby causing the defense to exercise a peremptory challenge against a juror. The record does not contain enough information for defendant to effectively challenge the denial of his challenge for cause.
State v. Handy , 2016-1071, p. 9 (La. App. 4 Cir. 9/13/17), 226 So.3d 1182, 1190.
Following this Court's disposition of the case, the State sought rehearing to supplement the record with the trial court's jury panel sheet, which was submitted with a per curiam after this Court's decision, and a full transcript of the voir dire conducted on May 19, 2015. This Court denied rehearing.
On October 26, 2017, the State sought supervisory review in the Louisiana Supreme Court (No. 2016-KA-1070). The Supreme Court granted writs with the following order:
This matter is remanded to the court of appeal for supplementation of the record with the full transcript of the voir dire proceedings, the per curiam of the district court and the juror strike sheets, and for briefing, argument and opinion on defendant's assignment of error [number one] regarding voir dire in light of the newly supplemented material.
State v. Handy , 2017-1823, p. 1 (La. 12/15/17), 231 So.3d 609, 610.
On remand and after re-briefing, supplementation of the record and oral argument, we now reverse our prior opinion and find no merit to the defendant's assignment of error number 1.
*450 We note that in our original opinion, this Court addressed the defendant's assignments of error numbers 2, 3, 4, 5, and 6 and found them to be without merit. The Louisiana Supreme Court, in their remand order, did not direct this Court to review these assignments of error and as such, our opinion as to these assignments of error remain valid. For the reasons set forth below, we affirm the defendant's conviction and sentence.
ASSIGNMENT OF ERROR ONE
On October 2, 2015, Tyrone Handy appealed his convictions for attempted possession with intent to distribute cocaine, possession of marijuana second offense and possession of drug paraphernalia. In the defendant's first assignment of error on appeal, the defendant argued that his right of appeal, based upon a complete record of all evidence upon which the judgment is based guaranteed under La. Const. art. 1 § 19, was violated. At that time, the court reporter could not provide a transcript of the in-chambers proceedings during which peremptory and cause challenges had been exercised because of a computer malfunction. The defendant's trial counsel certified that the defense had exhausted its peremptory challenges. The record reflected that the defense challenged potential Juror # 20 for cause and the trial judge denied the cause challenge. In addition, the State challenged potential juror # 20 for cause, which the trial court granted over defense objection.
With the record fully supplemented with a complete transcript of the voir dire , and juror strike sheet, as ordered by the Supreme Court, the trial judge's per curiam , plus the State's brief on remand and the defendant's response, the defendant has failed to show the trial court abused its discretion in denying the cause challenge.
At the outset, it should be noted that the defendant has not stated the ground(s) for his objection to Juror # 20, either before or after supplementation of the record.
La. Const. art. 1 § 19 guarantees defendants a right of appeal "based upon a complete record of all the evidence upon which the judgment is based." Additionally, La. C.Cr.P. art. 843 provides in pertinent part:
In felony cases,[...] the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
See State v. Jones , 2016-0653 (La. App. 4 Cir. 5/3/17), 220 So.3d 128, 132, reh'g denied (May 23, 2017).
La. C.Cr.P. art. 797 permits the State or the defendant to challenge a juror for cause if:
(1) The juror lacks a qualification required by law;
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a *451 petit jury that once tried the defendant for the same or any other offense.
A trial judge is vested with broad discretion in ruling on challenges for cause, and such a ruling is subject to reversal only when a review of the entire voir dire reveals the judge abused his discretion. State v. Dotson , 2016-0473, p. 5 (La. 10/18/17), 234 So.3d 34, 39 (citation omitted). This standard of review is utilized "because the trial judge has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questions by the parties' attorneys." Id. , at p. 17, 234 So.3d at 45 (citations omitted). "Such expressions and intonations are not readily apparent at the appellate level where review is based on a cold record." Id.
In this case, the trial judges's per curiam adamantly states "there are no notes [in the trial court's jury sheet] documenting any noteworthy response given by the juror (Juror # 20), the court concludes that there was no reason to grant a cause challenge." See trial judge's per curiam with Jury Strike Sheets. Moreover, an evaluation of the transcript also illustrates no reason to grant a cause challenge. During the voir dire , Juror # 20 interacted with the prosecution and defense counsel three times. First, she stated she was friends with family members of both the prosecutor and defense counsel. Second, in spite of those friendships, she assured the court she could be fair and impartial if she were chosen to serve as a juror. Third, she confirmed she understood she would be required to follow the law as directed by the court, regardless of her personal feelings about the law.
This Court's original opinion in this case relied upon State v. Pinion , 2006-2346 (La. 10/26/07), 968 So.2d 131, a case in which the record contained neither a transcript of the bench conferences nor any documentation showing which jurors were challenged for cause by the defense or stricken by the defense with peremptory challenges. The Supreme Court found that although there was evidence in the record that the defense exhausted its peremptory challenges, the lack of any documentation, i.e., minutes or jury strike sheets, as to the challenges for cause, prejudiced the defendant. Id. 2006-2346, p. 9, 968 So.2d 131, 135. Therefore, the Supreme Court reversed the defendant's conviction and sentence for lack of documents in the record which would have indicated whether the trial court correctly denied any challenges for cause. Id.
However, this case is more in line with State v. Deruise , 98-0541, pp. 9-15 (La. 4/3/01), 802 So.2d 1224, 1233-1237 (missing bench conferences in which the parties made their challenges for cause and their peremptory challenges did not prejudice the defense because the record contained a jury strike sheet reflecting who challenged each prospective juror, and the transcript of voir dire revealed a substantial basis for denying a defense cause to the juror) and State v. Williams , 2006-1327 (La. App. 4 Cir. 1/23/08), 977 So.2d 160 (the defendant was not prejudiced on appeal by the lack of transcription of in-chamber portions of the jury voir dire in the record which contained detailed jury sheets that indicated the peremptory strikes for each party as well as the jurors who ultimately served on the jury or whom the defendant had to excuse peremptorily).
In light of the supplementation of this record with the full voir dire transcript, jury strike sheets and the per curiam of the trial court, the defendant has failed to show the trial judge abused his discretion by denying the defendant's challenge for cause of Juror # 20. This assignment has no merit.
*452 CONCLUSION
Based on the above and foregoing we affirm the defendant's convictions and sentences.
AFFIRMED