STATE OF LOUISIANA                          NO. 22-KA-32

VERSUS                                      FIFTH CIRCUIT

JOSE M. SAGASTUME                           COURT OF APPEAL

                                            STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-5385, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING


November 16, 2022


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst


**CONVICTION AND SENTENCE VACATED; REMANDED**
    **SJW**
    **MEJ**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Honorable Paul D. Connick, Jr.
      Thomas J. Butler
      Matthew R. Clauss
      Andrea F. Long
      Rachel L. Africk
      Stephen Downer

COUNSEL FOR DEFENDANT/APPELLANT,
JOSE M. SAGASTUME
      Bruce G. Whittaker

**WINDHORST, J.**

Defendant, Jose Sagastume, was charged with domestic abuse battery by strangulation in violation of La. R.S. 14:35.3 L. On appeal, defendant contends that the trial court erred in denying his challenges for cause as to two prospective jurors. Finding that the trial court's denial of defendant's challenge for cause as to prospective juror Donna Hogan was reversible error for the reasons stated herein, defendant's conviction and sentence are vacated and the matter is remanded for further proceedings.

**PROCEDURAL HISTORY**

On October 28, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jose M. Sagastume, with domestic abuse battery by strangulation in violation of La. R.S. 14:35.3 L. Defendant was arraigned on October 30, 2019, and pled not guilty.

On November 9, 2021, a twelve-person jury unanimously found defendant guilty as charged. On November 12, 2021, defendant filed a motion for a new trial, which was denied. The trial court sentenced defendant to imprisonment at hard labor for three years, with two years suspended, and he was placed on active probation for two years with conditions.[1] This appeal followed.

**LAW and ANALYSIS**

On appeal, defendant argues that the trial court erred in denying his challenges for cause as to prospective jurors Donna Hogan and Blair Constant. Specifically, defendant contends that his challenge for cause should have been granted as to prospective juror Hogan, a retired New Orleans police officer, because she indicated that she would be inclined to believe police testimony without regard to the facts,

---

[1] The trial court also 1) imposed a fine of three hundred dollars; 2) ordered defendant to enroll in and complete a domestic abuse prevention program and anger management classes upon his release from prison; 3) ordered defendant to not possess a firearm for the length of his active probation; 4) recommended any and all self-help programs that may be available; and 5) granted an order of protection for the victim in this matter.

would believe defendant was "50/50 guilty" before hearing any evidence, and would demand defendant prove his innocence. Considering her responses, defendant maintains that prospective juror Hogan could not be fair and impartial and should have been removed for cause. With respect to prospective juror Constant, defendant asserts that because he was recently employed as an assistant district attorney in the office prosecuting defendant's case, prospective juror Constant lacked the ability to be impartial and should have been removed for cause.

The State contends that defendant failed to preserve his claims regarding prospective jurors Hogan and Constant because he did not make a contemporaneous objection to the trial court's denial of his challenges for cause. The State also argues that defendant's grounds for challenging prospective jurors Hogan and Constant for cause in his brief on appeal were not those articulated before the trial court, therefore his claims are not preserved for appeal. Nevertheless, even if defendant's claims were preserved, the State asserts that the trial court did not abuse its discretion in denying defendant's challenges for cause as to prospective jurors Hogan and Constant.

The Sixth Amendment of the United States Constitution guarantees the accused the right to a trial by an impartial jury. State v. Anderson, 06-2987 (La. 09/09/08), 996 So.2d 973, 995, cert. denied, 556 U.S. 1165, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (2009). La. Const. Art. I, §17 guarantees the right to full *voir dire* examination of prospective jurors and to challenge those jurors peremptorily. Id. The number of challenges is fixed by law. Id. La. C.Cr.P. art. 799 provides that in trials of offenses punishable by death or necessarily imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the State shall have twelve peremptory challenges for each defendant. Jurors may be challenged for cause based

on the grounds provided in La. C.Cr.P. art. 797.[2] A trial court is vested with broad discretion in ruling on challenges for cause, and its rulings will be reversed only when a review of the *voir dire* record, as a whole, reveals an abuse of discretion. State v. Campbell, 06-286 (La. 05/21/08), 983 So.2d 810, 858, cert. denied, 555 U.S. 1040, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008).

In order to prove reversible error warranting reversal of a defendant's conviction, the defendant must show: (1) the erroneous denial of a challenge for cause; and (2) the use of all of his peremptory challenges. State v. Jones, 03-3542 (La. 10/19/04), 884 So.2d 582, 588-589; State v. Hensley, 04-617 (La. App. 5 Cir. 03/01/05), 900 So.2d 1, 8, writ denied, 05-823 (La. 06/17/05), 904 So.2d 683. Prejudice is presumed when the trial court erroneously denies a challenge for cause, and the defendant ultimately exhausts his peremptory challenges. Campbell, 983 So.2d at 856; Hensley, 900 So.2d at 8. Additionally, the defendant must show that when the trial court denied his challenge for cause, he used one of his peremptory challenges curatively to remove that juror—thereby reducing his number of peremptory challenges—or the issue is waived on appeal. Campbell, 983 So.2d at 856. Accordingly, when a defendant uses all of his peremptory challenges, a trial court's erroneous ruling on a challenge for cause which deprives him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights. Jones, 884 So.2d at 588. In this situation, prejudice is presumed, and the conviction and sentence must be reversed. Id.; State v. Lindsey, 06-255 (La.

---

[2] La. C.Cr.P. art. 797 provides:

The state or the defendant may challenge a juror for cause on the ground that:

(1) The juror lacks a qualification required by law;

(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;

(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;

(4) The juror will not accept the law as given to him by the court; or

(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.

01/17/07), 948 So.2d 105, 107; State v. Mickel, 07-47 (La. App. 5 Cir. 05/29/07), 961 So.2d 516, 522, writ denied, 07-1422 (La. 01/7/08), 973 So.2d 732.

Because defendant was charged with domestic abuse battery by strangulation which is punishable necessarily at hard labor, he was entitled to twelve peremptory challenges. La. C.Cr.P. art. 799. The record shows that defendant exhausted all of his peremptory challenges and he used two of his peremptory challenges to dismiss prospective jurors Hogan and Constant.

Defense counsel gave reasons for his challenges for cause, but when the trial court denied them, he did not formally object. The State claims that in the absence of an objection, these assignments of errors are not preserved. Considering that defense counsel clearly articulated the reasons for his challenges contemporaneously, and subsequently used his peremptory challenges to remove prospective jurors Hogan and Constant, we find that the lack of a formal objection by defense counsel after the trial court's denial of his challenges is not fatal to defendant's claims. Therefore, we find his claims were preserved for review. See State v. Record, 18-614 (La. App. 3 Cir. 02/27/19), 266 So.3d 592, 602; State v. Anderson, 09-105 (La. App. 5 Cir. 10/27/09), 28 So.3d 324, 332, writ denied, 09-2596 (La. 05/21/10), 36 So.3d 229; State v. Pinion, 06-2346 (La. 10/26/07), 968 So.2d 131, 136 (*per curiam*);[3] State v. Vanderpool, 493 So.2d 574, 575 (La. 1986).[4] The State also argues that defendant's grounds for challenging prospective jurors Hogan and Constant for cause in his brief on appeal were not those articulated before the trial

---

[3] In Pinion, *supra*, the Louisiana Supreme Court relied upon a portion of La. C.Cr.P. art. 841(A) to find that in jury selection, counsel satisfies the requirements of Louisiana's contemporaneous objection rule by stating his grounds for a cause challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause.

[4] In discussing La. C.Cr.P. arts. 800 and 841, the Louisiana Supreme Court in Vanderpool, *supra*, held:

> Our law is also settled that an objection need not be raised by incantation. "It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." La. C.Cr.P. 841; State v. Boutte, 384 So.2d 773 (La. 1980). The requirement that an objection be raised contemporaneously is not meant to be inflexible, but is designed "to promote judicial efficiency and to insure fair play." State v. Lee, 346 So.2d 682, 684 (La. 1977). Article 800 should not be read to differ in this respect from Article 841.

court, therefore his claims are not preserved for appeal. We find that defendant's grounds for cause as stated on appeal are sufficiently intertwined with defense counsel's bases for cause articulated during the trial and consequently, his claims were preserved for appeal.

### *Prospective Juror Donna Hogan*

Defendant contends that the trial court erred by denying his challenge for cause as to prospective juror Hogan because she was a retired New Orleans Police Officer and incapable of serving as an impartial juror because she stated that she was inclined to believe police testimony without regard to the facts, would believe defendant was "50/50 guilty" before hearing any evidence, and would demand defendant prove his innocence.

An individual is not automatically disqualified to serve as a juror simply because of his status as a police officer. Jones, 884 So.2d at 589. However, generally, an individual who will unquestionably credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve as a juror. State v. Kang, 02-2812 (La. 10/21/03), 859 So.2d 649, 652-53.

Furthermore, a prospective juror's seemingly prejudicial response, including any preconceived opinion as to a defendant's guilt, is not grounds for an automatic challenge for cause, and a trial court's refusal to excuse him on the grounds he or she is biased is not an abuse of discretion if, after further questioning or instruction (often called "rehabilitation"), the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. See State v. Mickelson, 12-2539 (La. 09/03/14), 149 So.3d 178, 187; Kang, 859 So.2d at 653; State v. Cousan, 94-2503 (La. 11/25/96), 684 So.2d 382, 389; State v. Jacobs, 07-887 (La. App. 5 Cir. 05/24/11), 67 So.3d 535, writ denied, 11-1753 (La. 02/10/12), 80 So.3d 468, cert. denied, 568 U.S. 838, 133 S.Ct. 139, 184 L.Ed.2d 67; State v. Gatti, 39,833 (La. App. 2 Cir. 10/13/05), 914 So.2d 74, 88-89, writ denied, 05-2394

(La. 4/17/06), 926 So.2d 511. A challenge for cause should be granted, however, even when a prospective juror declares his ability to remain impartial, but the juror's responses as a whole nevertheless reveal facts from which bias, prejudice, or inability to render a judgment according to law may be reasonably implied. Id.

During *voir dire* of the first panel, prospective juror Hogan stated that she was single, had two children, was a retired New Orleans police officer, and previously served on a jury. The following exchange occurred between the State and prospective juror Hogan:

| STATE: | So what I need to know now is can you listen to the testimony of a law enforcement officer before judging their credibility. |
| | Ms. Hogan? |
| HOGAN: | Yes. |
| STATE: | And, actually, I'm going to ask a follow-up question to you, Ms. Hogan. You are retired NOPD? |
| HOGAN: | Yes. |
| STATE: | So you were law enforcement? |
| HOGAN: | Yes. |
| STATE: | Would you automatically believe a law enforcement officer simply because they wear a badge? |
| HOGAN: | I would lean more toward their testimony, yeah, of being credible. |
| STATE: | What if they came in here and said something that was ridiculous, that didn't make sense, that was incredible? Could you listen to what they have to say before making an opinion? |
| HOGAN: | Yea, I mean, I can listen. |
| STATE: | Okay. I'm not trying to put words in your mouth. |
| HOGAN: | I can listen, but knowing the effort that goes into building cases and, especially with domestic violence, which is taken very, very seriously, probably more so than a lot of other now that we've added the level of strangulation, heightens it even more, I know a lot goes into putting those cases together. |
| STATE: | So with each of these witnesses, I'm sure you can tell from my questions, with each of these witnesses, what I'm asking you to do is judge each one as they come in here; as they take the stand, you |

listen to what they have to say, you determine if they're credible.

What I need to know now is if someone's going to come in here and you're going to automatically believe them because of their occupation or automatically disbelieve them because of their occupation. Does that make sense?

I need to know if you can listen to what they say before—and, Ms. Hogan, that's okay if you're going to automatically believe them.

| HOGAN: | I don't know. We'll just see. |
| STATE: | Okay. All right. |
| HOGAN: | But I'm not going to say yea or nay, but I'll probably find them more credible. |
| STATE: | More credible, all right. |
| HOGAN: | Yeah. |
| STATE: | Thank you, Ms. Hogan. |

Subsequently during *voir dire* of the first panel, the State reiterated that the burden is on the prosecution to prove defendant's guilt, defendant has no burden, and defendant satisfied his burden by simply showing up. The State also informed the prospective jurors that "[a]s the defendant sits here today, he is presumed innocent" and that only changes if the State introduces evidence. When asked if everyone understood, the transcript reflects "(Prospective jurors nod.)."

During defense counsel's *voir dire*, the following exchange between defense counsel and prospective juror Hogan occurred:

| COUNSEL: | There's going to be 1 to 10 questions. Scale of 1, you strongly disagree with me or with the state; 10, you strongly agree with me. |
| | As that gentleman [defendant] sits right there, just because he's here, just because he's being charged, he's guilty. You agree or disagree? Ms. Hogan? |
| HOGAN: | I'll be in the middle. I'll say 5. |
| | *     *     * |
| COUNSEL: | Okay. Go back to Ms. Hogan. Why would you say 5? |
| HOGAN: | There had to be enough evidence and—enough to get him here, so there's got to be some level of believability of it. |

Afterwards, defense counsel asked other jurors the same question, and prospective juror Foster, answered "five" as well.[5]  Counsel asked, "Why do you say 5?" and she responded, "Well, it could be 50/50.  It could be, you know, he should be here or he shouldn't."  Prospective juror Foster explained, "I wouldn't know until I heard all of the evidence."  The following exchange then occurred:

| | |
|---|---|
| **COUNSEL:** | So based on the 5, all the 5's say that just by being here, he's halfway guilty? |
| **FOSTER:** | Yeah, halfway guilty, halfway innocent. |
| **COUNSEL:** | Ms. Hogan, do you agree with that? |
| **HOGAN:** | I mean, I have to be proved that he's not guilty. |
| **COUNSEL:** | So he's presumed to be guilty until he's proven innocent is that what you're saying? |
| **HOGAN:** | I'm saying I'm 50/50.  Like, he's here for a reason. |
| **COUNSEL:** | Got you. |
| **HOGAN:** | There was enough to bring him here. |
| **COUNSEL:** | Could that reason be maybe the cops picked up the wrong person? |
| **HOGAN:** | Could be. |
| **COUNSEL**: | Okay. |
| **HOGAN**: | But if you're asking me right now before I hearing anything, I'm 50/50. |
| **COUNSEL:** | Understood.  Thank you. |

After subsequent questions to the first panel, defense counsel informed the prospective jurors that it was the State's burden to prove defendant's guilt beyond a reasonable doubt.  Counsel asked the jurors, "What if defendant testifies and has an equally convincing account of the events and you can believe that account as well? What would your verdict be based on the burden of proof: Guilty or not guilty?" Prospective juror Hogan answered, "Not guilty."  Defense counsel did not question Hogan further as to her responses.  There were no follow-up questions to prospective juror Hogan's responses by the State or the trial court.

---

[5] Other prospective jurors also mentioned that they would say "5."  However, those prospective jurors and all of their respective responses are not at issue in this appeal and are therefore not discussed in this opinion.

A review of prospective juror Hogan responses, as a whole, revealed facts from which bias, prejudice or an inability to render judgment according to the law may be reasonably implied. Specifically, she indicated she could not be impartial and she expressed an inability to afford defendant the presumption of innocence. Despite her responses as a whole indicating bias, prejudice or an inability to render judgment according to the law, she was not rehabilitated by the State or the trial court. Neither the State nor the trial court further questioned or instructed prospective juror Hogan to determine if she had a willingness and ability to decide the case according to the law and the evidence. See State v. Bozeman, 03-897 (La. App. 5 Cir. 01/27/04), 866 So.2d 1029, 1033-34, writ denied, 04-497 (La. 07/02/04), 877 So.2d 141. Although the supreme court in Kang, *supra*, instructed appellate courts to show deference to a trial court's conclusions in ruling on a challenge for cause, Kang is distinguishable because in Kang the juror was rehabilitated, which did not occur in this case. Accordingly, we find the trial court's denial of defendant's challenge for cause as to prospective juror Hogan was reversible error and defendant's conviction and sentence are hereby vacated.

Because we find that the trial court committed reversible error in denying defendant's challenge for cause as to prospective juror Hogan, we pretermit discussion of defendant's other assignment of error as to prospective juror Constant.

**DECREE**

For the reasons stated herein, defendant's conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings.

<u>**CONVICTION AND SENTENCE VACATED; REMANDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 16, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-KA-32

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          MATTHEW R. CLAUSS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

**MAILED**
BRUCE G. WHITTAKER (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                          (APPELLEE)
LOUISIANA APPELLATE PROJECT              DISTRICT ATTORNEY
1215 PRYTANIA STREET                     RACHEL L. AFRICK (APPELLEE)
SUITE 332                                STEPHEN DOWNER (APPELLEE)
NEW ORLEANS, LA 70130                    ASSISTANT DISTRICT ATTORNEYS
                                         TWENTY-FOURTH JUDICIAL DISTRICT
                                         200 DERBIGNY STREET
                                         GRETNA, LA 70053