# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-377


**STATE OF LOUISIANA**

**VERSUS**

**ERICK GAIL GRAGG**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21827-15
HONORABLE DAVID ALEXANDER RITCHIE, JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CHARLES G. FITZGERALD
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Gary J. Ortego, Judges.


**CONVICTION AND SENTENCE AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**Erick Gail Gragg**

**Steven C. Dwight**
**District Attorney**
**David S. Pipes**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Erick G. Gragg, appeals his conviction and sentence for aggravated crime against nature.

## PROCEDURAL HISTORY

On September 3, 2015, Defendant was charged by Bill of Information with one count of crime against nature, a violation of La.R.S. 14:89, and one count of aggravated crime against nature, a violation of La.R.S. 14:89.1. While the charge of crime against nature was nolle prossed by the State, the charge of aggravated crime against nature proceeded to jury trial in October 2017. However, on October 27, 2017, the trial court declared a mistrial due to the inability of the jury to reach a verdict.

One year later, in October 2018, Defendant was tried a second time on the charge of aggravated crime against nature. And on October 19, 2018, a twelve-person jury unanimously found Defendant guilty of this offense.

Defendant, in turn, filed a motion for new trial. The trial court denied the motion in February 2019. Shortly thereafter, the trial court sentenced Defendant to thirty-five years at hard labor. However, in April 2019, the trial court held a hearing on its own motion to clarify Defendant's sentence, noting that the original sentence was indeterminate as to the time that would be served without benefits. The trial court ultimately resentenced Defendant to thirty-five years at hard labor without the benefit of parole, probation, or suspension of sentence.

Thereafter, Defendant appealed his conviction and sentence, asserting five assignments of error in *State v. Gragg*, 21-799 (La.App. 3 Cir. 4/27/22), 338 So.3d 104. In that appeal, Defendant asserted in his third assignment of error that he was denied his constitutional right to appellate review because of the court reporter's

failure to identify the prospective jurors who were speaking during voir dire.[1] Defendant argued that his conviction must be reversed because one of the unidentified prospective jurors stated, "I can't give [Defendant] a fair trial." This court then issued the following remand order:

> This case is remanded to the trial court with instructions that the trial court conduct an evidentiary hearing within thirty days to determine the identity of the prospective juror who stated, "I can't give [Defendant] a fair trial[.]" A new appellate record containing the transcript of the hearing shall be lodged within fifteen days of the hearing. The State and Defendant will then be given the opportunity to file new briefs should either party wish to raise any issues arising from the hearing. Thereafter, this court will issue another opinion addressing Defendant's appeal of his felony conviction and sentence, along with all issues pertinent thereto.

*Id*. at 109.

On May 24, 2022, the trial court held an evidentiary hearing in accordance with the above instructions. Defense counsel orally moved for a continuance at the beginning of the hearing, but the motion was denied. The trial court ultimately determined that the unidentified prospective juror was Margaret Hendrix, and she had been excused for cause. Defense counsel objected to the trial court's ruling and to the process of the hearing.

Defendant is now back before this court asserting the following assignments of error:

1. The trial court erred in denying defense challenge for cause of prospective juror Michael Rushing.

2. The trial court erred when it refused to strike Juror Rushing for cause after his responses showed he was biased and unable to

---

[1] In January 2022, this court ordered the record supplemented. A few weeks later, we received a corrected transcript of voir dire. While the prospective jurors were identified in most instances, the prospective juror who stated, "I can't give [Defendant] a fair trial[,]" remained unidentified. We then issued a second order, this time directing the court reporter to listen to the voir dire audio tapes and then to provide an amended transcript or an affidavit attesting that she is unable to identify the prospective juror. On March 25, 2022, the court reporter submitted an affidavit attesting that she could not identify the prospective juror.

follow the law. To the extent that this was not preserved at trial, this court should review and grant relief under the rubric of ineffective assistance of counsel.

3. The indictment does not allege an offense committed when the victim was under the age of thirteen. Thus, the sentence imposed by the trial court violates Appellant's right to due process, as well as the Eighth Amendment of the Constitution of the United States and La.Const. Art. I, § 20, as it is illegally excessive, in that it exceeds the maximum sentence provided for the crime charged in the indictment.

4. The trial court erred in admitting State Exhibit S-1, the audio-visual recording of the victim's interview.

5. The trial court abused its discretion in denying the defense request for a continuance of the hearing ordered by this Honorable Court on remand.[2]

## LAW AND ANALYSIS

### I. Errors Patent

In accordance with La.Code Crim.P. art. 920, we review appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

### II. Defendant's First Assignment of Error

Defendant initially asserts that the trial court abused its discretion in denying his challenge for cause of prospective juror Michael Rushing based on his (Rushing's) "hostility to the facts" and inability to follow the law. But is this assignment properly before this court? The answer is no.

Louisiana Code of Criminal Procedure Article 800(A) states: "A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection."

---

[2] The first four assignments of error were raised by Defendant in *Gragg*, 338 So.3d 104. However, these assignments were not discussed because of our remand order. Assignment of error number five is new; it relates to the May 24, 2022 evidentiary hearing.

3

The Louisiana Supreme Court addressed the contemporaneous objection rule in this context in *State v. Vanderpool*, 493 So.2d 574 (La.1986). There, the court explained:

> Our law is also settled that an objection need not be raised by incantation. "It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." C.Cr.P. 841; *State v. Boutte*, 384 So.2d 773 (La. 1980). The requirement that objection be raised contemporaneously is not meant to be inflexible, but is designed "to promote judicial efficiency and to insure fair play." *State v. Lee*, 346 So.2d 682, 684 (La. 1977). Article 800 should not be read to differ in this respect from Article 841.

*Id*. at 575.

The contemporaneous objection rule was also addressed in *State v. Pinion*, 06-2346 (La. 10/26/07), 968 So.2d 131. In that case, the supreme court noted: "In jury selection, counsel satisfies the requirements of Louisiana's contemporaneous objection rule by stating his grounds for a cause challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause." *Id*. at 136.

Finally, in *State v. Clark*, 12-508 (La. 12/19/16), 220 So.3d 583, *rev'd on other grounds*, 138 S.Ct. 2671 (2018), the supreme court explained that the defendant could not assign as error the denial of a challenge for cause because he had failed to lodge a contemporaneous objection to the trial court's denial.

Here, Defendant did not contemporaneously object to the trial court's denial of the subject challenge for cause. Nor did Defendant state any grounds for his challenge. In short, Defendant did not satisfy the contemporaneous objection rule. This means that Defendant is precluded from assigning as error the denial of his

challenge for cause of Mr. Rushing. Thus, Defendant's first assignment of error is not properly before this court.

### III.   Defendant's Second Assignment of Error

Defendant next asserts that he was denied effective assistance of counsel. In support, Defendant points to his trial counsel's failure to preserve for review the denial of his challenge for cause of Mr. Rushing.

At the outset, we note that an ineffective-assistance-of-counsel claim is more appropriately addressed in an application for post-conviction relief. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. Nevertheless, because the record here includes a detailed account of the matter at issue, we will exercise our discretion and address Defendant's claim in the discussion that follows.

In assessing a claim of ineffectiveness of counsel, the defendant must show two things: (1) that his attorney's performance was deficient, and (2) that the deficiency prejudiced his defense. *Strickland v. Washington,* 104 S.Ct. 2052 (1984). Both elements must be shown by Defendant. *State v. Serigny,* 610 So.2d 857, 860 (La.App. 1 Cir.1992), *writ denied,* 614 So.2d 1263 (La.1993).

As to the second element, the error is prejudicial if it was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 104 S.Ct. at 2064. In other words, the defendant must demonstrate that but for counsel's deficient conduct, the proceeding would have resulted in a different outcome. *State v. Felder,* 00-2887 (La.App. 1 Cir. 9/28/01), 809 So.2d 360, *writ denied,* 01-3027 (La. 10/25/02), 827 So.2d 1173.

Also, for Defendant here to show prejudice, the record must establish that the trial court erroneously denied his challenge for cause, and that all of his peremptory challenges were used. *State v. Cross*, 93-1189 (La. 6/30/95), 658 So.2d 683.

So did the trial court erroneously deny Defendant's challenge for cause? Once again, the answer no. The trial court is vested with broad discretion and its ruling on a challenge for cause will only be reversed when a review of the entire voir dire reveals an abuse of discretion. *Id*.

The grounds for the challenge for cause are set forth in La.Code Crim.P. art. 797. In relevant part, Article 797 provides as follows:

> The state or the defendant may challenge a juror for cause on the ground that:
>
> . . . .
>
> (2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence[.]

Defendant argues that Mr. Rushing displayed "hostility to the facts" and an inability to follow the law. For example, during voir dire, Mr. Rushing was asked if he would hold it against Defendant if he (Defendant) did not testify. Mr. Rushing responded: "I feel that if he's innocent enough he ought to come forth and say so." But the record later reflects the following colloquy between the trial court and Mr. Rushing:

PROSPECTIVE JUROR MICHAEL RUSHING:

> I feel like I could make a decision with what the State is presenting. I do understand a [l]awyer telling his client not to go up on the witness stand. I can understand that part, but I still would like, if it was me, I would do everything I can to stand up for myself.

THE COURT:

> Yeah. Right, I understand. But the question is: could you make a decision, or would you hold it against the defendant; and that's the whole question is: if he and his attorney decided that you know what, they didn't feel like he needed to testify for whatever reason, would you use that against him in your deliberation?

6

PROSPECTIVE JUROR MICHAEL RUSHING:

No, I guess not.  I guess not.

THE COURT:

Well, I guess not is -- I need something more definitive.  If you feel like you can't be more definitive than that -- in other words, "I guess not" is not too reassuring; so are you saying that you still might or you're thinking that you wouldn't?

PROSPECTIVE JUROR MICHAEL RUSHING:

If the [l]awyer suggests him not to go up there, I could go with what is presented evidence wise.

THE COURT:

Without holding it against him, the defendant.

PROSPECTIVE JUROR MICHAEL RUSHING:

Yes.

Very simply, a seemingly prejudicial response is not grounds for an automatic challenge for cause, and a trial judge's refusal to excuse the prospective juror based on impartiality is not an abuse of discretion if after further questioning the prospective juror establishes "a willingness and ability to decide the case impartially according to the law and evidence." *State v. Kang*, 02-2812, p. 5 (La. 10/21/03), 859 So.2d 649, 653.

While Mr. Rushing's initial statement seemingly raises questions concerning his impartiality, the trial court was ultimately satisfied that Mr. Rushing could render an impartial verdict based on the totality of his responses.  The trial court also had the benefit of observing Mr. Rushing's demeanor and hearing his responses firsthand; the trial court was in the best position to determine whether Mr. Rushing would be impartial. *See State v. Dorsey,* 10-216 (La. 9/7/11), 74 So.3d 603.

7

In the end, the trial court did not abuse its discretion in denying Defendant's challenge of Mr. Rushing. Because this alone is fatal to the claim of ineffective assistance of counsel, we will forego any further discussion of Defendant's second assignment of error.

## IV. Defendant's Third Assignment of Error

In this assignment, Defendant asserts that the trial court erred in sentencing him under the enhanced sentencing provision of La.R.S. 14:89.1(C)(2) for his conviction of aggravated crime against nature.

As a preliminary matter, the failure to file a motion to reconsider sentence ordinarily precludes a defendant from objecting to his sentence on appeal. La.Code Crim.P. art. 881.1(E). On the other hand, "An illegal sentence may be corrected . . . by an appellate court on review." La.Code Crim.P. art. 882. In this instance, we will review this assignment of error despite Defendant's failure to file a motion to reconsider sentence.

To this end, there are several sentencing provisions applicable to aggravated crime against nature. La.R.S. 14:89.1. For example, if the victim is under the age of eighteen years old, the sentencing exposure includes a fine not to exceed fifty thousand dollars and/or imprisonment, with or without hard labor, for a term not less than five years nor more than twenty years. La.R.S. 14:89.1(C)(1). By comparison, if the victim is under the age of thirteen and the offender is seventeen years or older, the sentencing exposure includes imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years with at least twenty-five years without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:89.1(C)(2).

Defendant initially points out that the bill of indictment did not specifically reference the enhanced sentencing provision contained in La.R.S. 14:89.1(C)(2), nor did it state that K.M. was under the age of thirteen at the time of the offense.[3] Thus, Defendant contends that he was not put on notice that the enhanced sentence would be sought.

However, as the State notes, the bill of indictment gives Defendant's date of birth as October 24, 1978, and Defendant is charged therein as follows:

Count 1: Aggravated Crime Against Nature

Erick Gail Gragg, on or between August 21, 2007 and February 28, 2015, did knowingly and intentionally engage in the crime of Sexual Battery, by touching the vaginal area of the minor child, K.M., (dob: 08/21/2000), with a relative of the offender who is under eighteen years of age, in violation of LSA R.S. 14:89.1[.]

To summarize, the bill of indictment expressly states that the victim, K.M., was born on August 21, 2000, and that the criminal acts occurred during the period of August 2007 through February 2015. Hence, a plain reading of the bill of indictment shows that the acts of sexual battery occurred when K.M. was between the ages of seven and fifteen years old.

Moreover, defense counsel appears to have been aware of the enhanced sentencing exposure. Otherwise, he would not have made the following statement during voir dire:

I think the State mentioned that this is not a life case and if I misled you by saying that this is a life case, I apologize. But this case carries 99 years; and you don't decide what the sentence would be, but Erick is 39 years old. The last time I checked no one lived to see 138.

---

[3] The victim's initials are used to protect her identity pursuant to La.R.S. 46:1844(W).

In addition to deficiencies with the bill of indictment, Defendant argues that the trial court erred in its jury instructions. The trial court instructed the jury that it must find the offense of aggravated crime against nature was "committed when a person over the age of seventeen engages with a person under the age of eighteen in conduct constituting sexual battery when the victim is known to the offender to be related to the offender as the offender's step-child." But the trial court did not provide a jury instruction concerning whether K.M. was under the age of thirteen at time of the offense.

In response, the State points to the written jury verdict form which provides in all capital letters that after convicting Defendant of aggravated crime against nature, the jury could further find "BEYOND A REASONABLE DOUBT THAT ANY ACT OR ACTS WHICH FORM THE BASIS OF [THIS] VERDICT OCCURRED WHILE THE VICTIM WAS UNDER THE AGE OF 13, AND WHILE THE DEFENDANT WAS OVER THE AGE OF 17[.]" With that in mind, the jury, in convicting Defendant of aggravated crime against nature, specifically found that K.M. was under the age of thirteen at the time of the offense.

At the sentencing hearing, the trial court noted that the record evidence established that K.M. was under the age of thirteen at the time of the offense. This, according to the trial court, was sufficient to trigger the enhanced sentencing provision of La.R.S. 14:89.1(C)(2). Defense counsel objected in open court. In essence, defense counsel argued that sentencing under the more stringent penalty range was improper since it was not charged in the indictment. The trial court disagreed, explaining that the indictment charged Defendant under La.R.S. 14:89.1 in its entirety, including subsection 89.1(C)(2). The trial court then sentenced Defendant under that subsection.

The arguments now being asserted by Defendant in support of this assignment are substantially similar to those that were presented to a different panel of this court in *State v. Ardoin*, 10-1018 (La.App. 3 Cir. 3/9/11), 58 So.3d 1025, *writ denied*, 11-653 (La. 10/14/11), 74 So.3d 218. The cogent legal analysis given in the *Ardoin* opinion is reproduced as follows:

> On appeal, the Defendant contends that the trial court erred in sentencing him under the enhanced sentencing provision in La.R.S. 14:81(H)(2) because the jury did not make a determination as to the [v]ictim's age, an additional element necessary for imposition of the enhanced penalty. The Defendant refers, first, to the bill of indictment wherein he was charged in count one with committing indecent behavior with a juvenile "by committing a lewd and lascivious act upon a juvenile or in the presence of, one V.T.I., under the age of 17 by the defendant, with the intent of arousing or gratifying the sexual desires of either person, the defendant being over the age of 17 years."

> Next, the Defendant refers to the jury charge regarding the elements of the offense. The jury was instructed that to find the Defendant guilty as charged, it had to find that "the victim was under the age of 17 and more than two years younger than the defendant at the time of the alleged offense." As such, the jury was not required to find that the victim was under the age of thirteen as required by La.R.S. 14:81(H)(2).

> Lastly, the Defendant refers to the jury's verdict sheet, complaining that it did not list a separate finding by the jury that the [v]ictim was under the age of thirteen. The only finding made by the jury was "Guilty of Indecent Behavior with a Juvenile."

> In support of his argument, the Defendant refers, first, to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein the defendant pled guilty to an offense which carried a sentencing range of five to ten years. The trial court, however, imposed a twelve-year sentence pursuant to a hate crime statute that allowed a sentence to be enhanced upon the trial judge's finding by a preponderance of the evidence that the crime was motivated by racial bias. In reversing the ruling, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362-63.

> The Defendant also cites *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), wherein the Supreme Court

11

followed its ruling in *Apprendi*. The defendant was sentenced to death for his capital felony-murder conviction. At the time of the offense, Arizona law allowed the trial judge alone to determine the presence or absence of the aggravating factors required for imposition of the death penalty. The Court, citing language from *Apprendi,* stated,

> The dispositive question, we said, "is one not of form, but of effect." *Id.,* at 494, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. If a State makes an increase in a defendant's authorized punishment contingent on a finding of fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. See *id.,* at 482-483, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

*Id.* at 602, 122 S.Ct. at 2439. In reversing the lower court ruling, the Court concluded that the Sixth Amendment required the enumerated aggravating factors be found by a jury, because they operated as the functional equivalent of an element of a greater offense.

Lastly, the Defendant refers to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), wherein the Supreme Court clarified its previous holdings in *Ring* and *Apprendi*. The defendant in Blakely pled guilty to kidnapping and was sentenced to ninety months. However, the facts to which he admitted in his guilty plea supported a maximum sentence of fifty-three months. Pursuant to state law, after making a judicial determination that the defendant acted with deliberate cruelty, the trial court imposed an enhanced sentence of ninety months. In reversing the lower court, the Supreme Court considered the holdings in *Apprendi* and *Ring,* recognizing that the facts supporting the sentence enhancement were neither admitted by the defendant nor found by a jury. The Court ultimately concluded that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-04, 124 S.Ct. at 2537.

Relying on the rulings in *Blakely, Ring*, and *Apprendi*, the Defendant asserts that the State was required to set forth the [v]ictim's age in the bill of indictment, and the jury was required to find that the child was under thirteen at the time of the offense. Although the [v]ictim's age was not admitted to at trial, the Defendant contends that the pivotal issue is whether the jury made a finding beyond a reasonable doubt as to the [v]ictim's age.

Both the Defendant and the State refer to a Louisiana case, *State v. Gibson*, 09-486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, *writ denied,* 10-802 (La.11/5/10), 50 So.3d 814, [w]herein a similar issue was raised. The defendant, convicted of sexual battery, argued that the

trial court erred in sentencing him in accordance with the penalty provision of La.R.S. 14:43.1(C)(2), an enhanced penalty imposed when the offense involves a victim under thirteen years old and the offender is seventeen years or older. The defendant reasoned that neither the jury's verdict nor the jury instructions referenced the additional age requirements of La.R.S. 14.43.1(C)(2). The defendant was initially charged with aggravated rape but was found guilty of the responsive verdict of sexual battery. The jury, however, did not indicate on the verdict form that the defendant was older than seventeen years of age or that the victim was under the age of thirteen.

In *Gibson,* the court considered the Supreme Court's rulings in *Apprendi, Ring,* and *Blakely* and concluded that the trial court had committed an *Apprendi* violation. The court added that the State should have explicitly noted in the bill of information that the enhanced sentence provision in La.R.S. 14.43.1(C)(2) was applicable to the defendant and that the trial court should have included a jury instruction reflecting that the defendant's and the victim's ages were elements of same.

The *Gibson* court, however, did not end its analysis at that point but referred to *Neder v. United States,* 527 U.S. 1, 19, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999), wherein the Supreme Court held that a "[jury] instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." The court in *Neder* then proceeded with a harmless error analysis and concluded, "In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee." *Id.* at 19; 119 S.Ct. at 1838.

The *Gibson* court also cited *Washington v. Recuenco,* 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), wherein the trial court imposed an enhanced sentence for a firearm based solely on the jury's finding that the defendant was armed with a deadly weapon. The Supreme Court ultimately held that the trial court's failure to submit a sentencing factor to the jury was not a structural error requiring a reversal of the conviction but was subject to a harmless error analysis.

Applying a harmless error analysis, the court in *Gibson* noted that the victim's date of birth was found in the bill information, the victim told the examining physician the year she was born, and the victim's mother's testimony indicated the year the victim was born. Accordingly, the court found that the jury could have concluded that the victim would have been approximately seven years old when the abuse began and nine years old when it ceased. With regard to the defendant's age, based on the testimony of the victim's mother, the

defendant would have been approximately twenty-four years old when the abuse began and twenty-six years old when it ended. The court also ruled that jury observation could be used to infer a defendant's age when no direct evidence was presented. The court concluded that the *Apprendi* violation was harmless.

In the instant case, the alleged error is clearly an *Apprendi* violation. The State should have explicitly noted in the bill of information that the enhanced sentence provision in La.R.S. 14:81(H)(2) was applicable to the Defendant, and the trial court should have included a jury instruction reflecting the Defendant's and the [v]ictim's ages as elements of offense. We find that a harmless error analysis is appropriate in this case to determine whether the trial court's error in failing to instruct the jury as to the enhanced penalty provision of La.R.S. 14.81(H)(2) was harmless.

With regard to the bill of indictment, the [v]ictim's age, nine years old, is not set forth in count one but is found in count three and was read aloud by the minute clerk on the first day of trial. Additionally, in discussing the sexual acts resulting in the charge of indecent behavior with a juvenile during opening statements, the prosecutor repeatedly stated that the [v]ictim was nine years old at the time of the offense. On direct examination, the [v]ictim testified that she was born on January 26, 1998, and turned nine years old on January 26, 2007. She also indicated on redirect examination that she was nine years old at the time of the offenses and had just turned ten when she gained the courage to report the offenses. The bill of indictment reflects that all the offenses for which the Defendant was charged, including indecent behavior with a juvenile, occurred on or about March 1, 2007, through November 30, 2007, when the [v]ictim was nine years old. Lastly, the [v]ictim's medical records introduced at trial included her date of birth.

With regard to the Defendant's age, his date of birth, January 29, 1964, is found in the bill of indictment and was reiterated by the Defendant at the beginning of all three recorded statements. The Defendant's date of birth also appears on the *Miranda* waiver dated February 3, 2008, and his age appears on the *Miranda* waiver dated February 8, 2008, both of which were introduced at trial. Lastly, Detective Ortis testified at trial that the Defendant was forty-four years old at the time he signed the *Miranda* waiver dated February 8, 2008, and that he informed the Defendant that they wanted to speak to him about the rape of a "ten year old."

Considering the evidence viewed in the light most favorable to the prosecution, we find the evidence was sufficient for a rational trier of fact to conclude the State proved beyond a reasonable doubt that the Defendant was seventeen or older and that the [v]ictim was under the age of thirteen. Further, the Defendant did not refute at trial any of the

evidence regarding his age or the [v]ictim's age, nor does he challenge evidence of same on appeal. Although the trial court clearly committed an *Apprendi* violation, we find the error was harmless. Accordingly, this assignment of error has no merit.

*Id*. at 1041-45 (emphasis in original).

In this case, the State should have explicitly noted in the bill of indictment that the enhanced sentence provision in La.R.S. 14:89.1(C)(2) was applicable to Defendant, and the trial court should have included a jury instruction as to whether K.M. was under the age of thirteen at time of the offense. However, like *Ardoin*, these errors are harmless. The indictment clearly stated that the victim, K.M., was born on August 21, 2000, and that the criminal acts occurred during the period of August 2007 through February 2015; the written jury form addressed the age findings required for application of the enhanced sentencing provision; the record evidence was sufficient for a rational trier of fact to conclude that the State proved beyond a reasonable doubt that K.M. was under the age of thirteen years old at the time of the offense; and the jury specifically found that K.M. was under the age of thirteen at the time of the offense.

For the above reasons, Defendant's third assignment of error is without merit.

## V.     Defendant's Fourth Assignment of Error

In this assignment, Defendant asserts that the trial court erred in admitting into evidence the videotape recording of K.M.'s interview with Detective Laney.

On June 24, 2015, Detective Laney interviewed K.M. at the Gwinnett County Police Department in Georgia. K.M. was living with her father in Georgia at that time. During the videotaped interview, K.M. related that Defendant began molesting her when she seven years old, and that this continued up until the time of the

interview. The videotaped interview was admitted into evidence over defense counsel's objection.

In essence, Defendant argues that the statutory requirements for the admissibility of videotape recordings were not satisfied, and hence the trial court abused its discretion in admitting the videotaped interview into evidence.

A statement made by a minor victim to certain qualified persons in sexual misconduct cases can be recorded and introduced into evidence in accordance with La.R.S. 15:440.1 through 15:440.5. Subsection 440.4(A) addresses the foundational requirements for admissibility, stating as follows:

> A. A videotape of a *protected person* may be offered in evidence either for or against a defendant. To render such a videotape competent evidence, it must be satisfactorily proved:
>
> (1) That such electronic recording was voluntarily made by the protected person.
>
> (2) That no relative of the protected person was present in the room where the recording was made.
>
> (3) That such recording was not made of answers to interrogatories calculated to lead the protected person to make any particular statement.
>
> (4) That the recording is accurate, has not been altered, and reflects what the protected person said.
>
> (5) That the taking of the protected person's statement was supervised by a physician, a social worker, a law enforcement officer, a licensed psychologist, a medical psychologist, a licensed professional counselor, or an authorized representative of the Department of Children and Family Services.

La.R.S. 15:440.4(A) (emphasis added).[4]

The term "protected person" is defined in La.R.S. 15:440.2(C). In relevant part, subsection 440.2(C) provides that a "'protected person' means any person who

---

[4] La.R.S. 15:440.5 contains additional foundational requirements.

is a victim of a crime or a witness in a criminal proceeding and who is . . . [u]nder the age of seventeen years[.]"

Defendant contends that because K.M. was eighteen at the time of trial, she was not a "protected person" under La.R.S. 15:440.2(C). In other words, Defendant suggests that subsection 440.2(C) should be interpreted as referring to the victim's age at the time of trial. The State disagrees, arguing that the statute should be read as referring to the victim's age at the time of the interview.

The Louisiana Supreme Court weighed in on this in *State v. In re A.M.*, 08-2493 (La. 11/21/08), 994 So.2d 1277. There, the supreme court interpreted La.R.S. 15:440.2(C) in the context of a criminal discovery dispute. In relevant part, the court explained:

> As defined for this part, protected persons include a victim of a crime or a witness in a criminal proceeding who is under the age of seventeen years. La.R.S. 15:440.2(C). *At the time the interviews at issue were videotaped*, the victim in this rape case was eight years old and the eyewitness was twelve years old. Thus, the victim and eyewitness are protected persons under the statute.

*Id.* at 1278 (emphasis added).

In our view, K.M. was a protected person under La.R.S. 15:440.2(C) because she was under the age of seventeen at the time of the videotaped interview. We interpret La.R.S. 15:440.2(C) as referring to the victim's age at the time of the interview.

Defendant next argues that the videotaped interview should not have been admitted into evidence because it was not supervised in accordance with La.R.S. 15:440.4(A)(5). However, Defendant's evidentiary objection at trial was not made on this basis. "It is well settled that a new basis for an objection may not be raised

17

for the first time on appeal." *State v. Burdgess,* 434 So.2d 1062, 1067 (La.1983). Thus, this issue is not properly before this court.

In sum, the videotaped interview of K.M. was properly admitted into evidence, and Defendant's fourth assignment of error is without merit.

## VI.    Defendant's Fifth Assignment of Error

In his final assignment, Defendant asserts that the trial court abused its discretion in denying his oral motion to continue the evidentiary hearing ordered by this court in *Gragg*, 338 So.3d 104.

Defendant specifically argues that he was not given "the same access and time for review of the audio recordings of voir dire as was given to the State." Therefore, according to Defendant, he was unable to adequately present a defense at the evidentiary hearing.

We previously remanded this case "with instructions that the trial court conduct an evidentiary hearing within thirty days to determine the identity of the prospective juror who stated, 'I can't give [Defendant] a fair trial[.]'" *Id.* at 109.

Since then, the State filed a motion for the release of the voir dire audio tapes to "properly prepare its evidentiary presentation." The trial court granted the motion on the condition that no copies would be made and that the original tapes would be returned.

The evidentiary hearing was then held on May 24, 2022. However, before any evidence was adduced, defense counsel orally moved for a continuance:

[DEFENSE COUNSEL]:

Yes, Your Honor. We were not trial counsel, nor were we appellate counsel. So, this was kind of thrust upon us and with that in mind we need more time. So, I'm going to ask for a continuance.

18

THE COURT:

Well --

[DEFENSE COUNSEL]:

I've also not had time to listen to the recording of the jury venire. I did attempt to file the motion to get a copy of it Friday and since then have been in court all day, until 6:00 yesterday, so I've not had time to review that.

THE COURT:

All right, well, let me say this. I hear what you're saying, but two things. The Third Circuit ordered me to have an evidentiary hearing within 30 days and that order was dated . . . April 27th. Today is May 24th. So we're pushing that 30-day window and they ordered an evidentiary hearing to see if it could be determined who that prospective juror was. Obviously, all parties have an opportunity to participate in that. . . .

So, I don't know that they intended this to be any kind of contradictory hearing necessarily, although I think it's fine. I don't have a problem with it taking whatever posture it needs to take to make sure we get the right answer as far as trying to find out who that is, but that's why we're here. We're trying to make a good record to figure out who this person is, and so I don't think I can grant a continuance because the Third Circuit ordered it to be done within 30 days. . . . The State has gathered some information and I'm going to have the State I guess to put on information demonstrating I guess who that person is and you can put on -- I guess if you have any reason to dispute that or whatever or feel like you -- I guess we will just kind of see how it goes. I'm going to deny the continuance, but for the reasons that I just stated I think that this is just an informational hearing. I don't know that it needs to be more than that.

Thereafter, the State introduced evidence establishing that the unidentified prospective juror was Margaret Hendrix. The trial court then found that "the record was made so clear today with the audio and the demonstrative exhibit[,]" and asked defense counsel why it should not immediately make the determination that the unidentified prospective juror was Margaret Hendrix. In response, defense counsel explained that he could not answer that question because he did not have time to

19

prepare for the hearing. The trial court then found that the unidentified prospective juror was Margaret Hendrix. Defense counsel objected to the trial court's ruling.

A trial court's ruling on a motion for continuance rests within its sound discretion and will not be disturbed absent a showing of abuse of discretion. *State v. Meredith,* 400 So.2d 580 (La.1981).

On the record before us, the trial court did not abuse its discretion in denying Defendant's motion for continuance. The evidentiary hearing was held in accordance with our instructions given in *Gragg*, 338 So.3d 104. The trial court set the evidentiary hearing a few days before the thirty-day deadline, which gave both the State and Defendant ample time to prepare. The sole issue was the identification of one prospective juror. Defendant had access to the voir dire transcripts prior to the hearing. And Defendant was afforded the opportunity to present evidence at the hearing. Also, Defendant does not contend that he was prejudiced by the trial court's denial of his continuance motion. He does not explain how continuing the hearing would have affected the outcome. Nor does he contradict the trial court's factual determination that the unidentified prospective juror was Margaret Hendrix.

In sum, the trial court did not abuse its discretion in denying Defendant's motion for a continuance.

**DISPOSITION**

For the above reasons, Erick Gail Gragg's conviction and sentence for aggravated crime against nature are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**