ALFORD, Judge.
Defendant, David Robert Vander-pool, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Defendant pled not guilty and was found guilty of the charged offense by a jury. The trial court sentenced him to serve ten years at hard labor, without benefit of probation, parole, or suspension of sentence. He has appealed, urging twenty assignments of error, but briefing only one assignment of error, number five. The other nineteen assignments which were not briefed are, therefore, considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
By means of assignment of error number five, defendant alleges that the trial court committed reversible error in refusing to excuse prospective juror Wilson Pitre on the defense’s challenge for cause grounded on Pitre’s active employment as a deputy sheriff.
During the course of voir dire examination of prospective juror Wilson Pitre, defense counsel determined that Pitre was currently a Lafourche Parish deputy sheriff. At this point, defense counsel sought to exercise a challenge for cause on Pitre. The trial court denied the challenge for cause, stating, “A deputy sheriff isn’t a challenge for cause.” Defense counsel made no objection to the court’s ruling. Instead defense counsel stated: “Well I’ll go into it further then.” Whereupon, the trial court noted or commented: “That’s an exemption which he may or may not claim, and apparently he didn’t claim it.” Following the court’s comment, defense counsel undertook an extensive questioning of Pi-tre. The state accepted the three person panel of potential jurors, which included Pitre. When the court asked whether defendant accepted that panel, the following colloquy between defense counsel and the court took place:
BY MR. SONNIER:
Your Honor, I would like to re-urge our challenge for cause on Mr. Pitre. I think due to his substantial involvement in law enforcement.
BY THE COURT:
Well that does not — as I pointed out in reading the Supreme Court rules, the exemption is personal to him and it is not a ground for challenge. He could have been a deputy or a sheriff since he was born. It is not a ground for challenge.
BY MR. SONNIER:
Okay, Your Honor, in that event, we would exercise a peremptory challenge on Mr. Pitre.
BY THE COURT:
All right, Mr. Pitre, you are excused.
Again, as had been the case at the initial urging of a challenge for cause on Pitre, the defense counsel made no objection to the trial court’s ruling denying the challenge for cause. Instead defense counsel responded “okay” and exercised a peremptory challenge on Pitre.
La.C.Cr.P. art. 800A as amended by Acts 1983, No. 181, § 1, provides as follows:
A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection. [Emphasis added.]
Because defendant neither objected to the trial court’s ruling denying his challenge of Wilson Pitre for cause nor stated the nature of the objection and grounds therefor, he is thereby prohibited from assigning the ruling as error, by the express terms of La.C.Cr.P. art. 800A. We therefore find that defendant has waived the alleged error. The result reached here is consistent with that reached in cases involving the application of art. 800A as it existed prior to the 1983 amendment, where the defendant failed to object to a ruling denying his challenge of a prospective juror for cause. The courts concluded that where there was no contemporaneous objection to an accused’s challenge for cause, the alleged error was improperly presented for the first time on appeal. See *548 State v. Haarala, 398 So.2d 1093 (La.1981); State v. Collins, 359 So.2d 174 (La.1978).
In Haarala and Collins, which involved the application of the pre-1983 law, the Supreme Court found the requirement of a contemporaneous objection as provided for in La.C.Cr.P. art. 841 applicable to the denial of an accused’s challenge for cause.
Article 841, the general statute applicable to objections to trial court rulings, need no longer be used in cases dealing with denials of challenges for cause. In such cases, as in the instant case, we can rest our finding on Article 800A, as amended, which specifically requires a contemporaneous objection to a trial court’s denial on a defendant’s challenge for cause. No such objection was made herein, therefore, the issues was not preserved for appeal.
The logic of our holding is to prevent a defendant from turning the appellate process into a game of chance by failing to make a contemporaneous objection in the hopes of obtaining an acquittal after full trial. To allow a defendant to succeed in such a strategy would be untenable.
Accordingly, we find defendant’s only briefed assignment of error is without merit.
The verdict and the sentence are affirmed.
AFFIRMED.