ItPER CURIAM. *
Granted. Our independent review of the trial record indicates that counsel adequately-made known his desire to cross-examine the state’s principal eyewitness with regard to his probation following a guilty plea to possession of cocaine under former La.Rev.Stat. 40:983 and the threat of revocation posed by a pending prosecution against the witness, again for possession of cocaine. State v. Vanderpool, 493 So.2d 574, 575 (La.1986) (“The requirement that objection be raised contemporaneously is not meant to be inflexible, but is designed ‘to promote judicial efficiency and to insure fair play.’”) (quoting State v. Lee, 346 So.2d 682, 684 (La.1977)). Counsel thereby preserved review of the trial court’s error in precluding cross-examination designed to reveal the witness’s possible motive orjjbias in testifying for the state. See State v. Vale, 95-1230, p. 4, 666 So.2d 1070, 1072 (La.1996) (“A witness’s bias or interest may arise from arrests or pending criminal charges, or the prospect of prosecution, even when he has made no agreements with the state regarding his conduct.”); State v. Brady, 381 So.2d 819, 822 (La.1980) (“[E]xposure of a witness’ motivation in testifying is a proper right of cross-examination.”). To the extent that the court of appeal agreed that error occurred but found it procedurally barred, it is appropriate to remand the ease to the court of appeal to determine on the record whether the error was harmless beyond a reasonable doubt. Vale, 95-1230, p. 5, 666 So.2d at 1073.
Accordingly, the judgment of the court of appeal is reversed, and the case is remanded to the court of appeal with instructions to conduct harmless-error analysis based on the record.

 Calogero, C.J., not on panel in 97-K-1707. Rule IV, Part 2, § 3. Traylor, J., not on panel in 97-K — 1704. Rule IV, Part, 2, § 3.