NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

22-212

STATE OF LOUISIANA

VERSUS

EDDIE LEE O'BRIEN, II

**********

APPEAL FROM THE
FOURTEENTH JUDCIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11170-18
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

JONATHAN W. PERRY

**********

Court composed of Billy Howard Ezell, Jonathan W. Perry, and Gary J. Ortego,
Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**Annette Fuller Roach**
**Attorney at Law**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Eddie Lee O'Brien, II**

**Stephen C. Dwight**
**District Attorney, 14th JDC**
**Dale R. Lee**
**Assistant District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PERRY, Judge.**

This Appeal is brought by the Defendant/Appellant, Eddie Lee O'Brien, who, in August of 2021, was convicted of one count of first degree rape and one count of indecent behavior with a juvenile.

For the following reasons, we affirm Defendant's convictions and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Because Defendant has not appealed the sufficiency of the evidence, we will provide only a bare-bones synopsis of the facts. In 2018, Defendant raped and inappropriately touched twelve-year-old L.D.T. Defendant was the boyfriend of L.D.T.'s sister. The acts occurred while L.D.T. was visiting her sister at her residence in Lake Charles, Louisiana.

On June 14, 2018, a Calcasieu Parish Grand Jury indicted Eddie Lee O'Brien, II, ("Defendant") with one count of first degree rape of L.D.T.,[1] in violation of La.R.S. 14:42, and one count of indecent behavior with L.D.T., a juvenile, in violation of La.R.S. 14:81(A)(1). On July 2, 2018, Defendant pleaded not guilty to the charges and requested a trial by jury.

On August 31, 2021, Defendant's trial commenced with jury selection. On September 3, 2021, the twelve-person jury unanimously found Defendant guilty as

---

[1] Pursuant to La.R.S. 46:1844(W), the victim's initials are used to protect her identity. The record shows the trial court ordered the indictment be amended to correct the victim's initials. Although the original bill listed the victim's initials as L.D., the State was ordered to correctly list the victim's initials as L.D.T. Further, the trial court realized while reading the jury instructions to the jury that L.D.T.'s date of birth listed in the indictment was not the same date of birth given by numerous witnesses during trial. After discussing this issue with the State and defense counsel, the trial court again ordered the indictment be amended to correct L.D.T.'s date of birth to July 28, 2005. If the indictment was amended as ordered, it does not appear in the record. Further, the trial court stated it would "correct the error on the Jury instructions."

charged on both counts.[2]  For the indecent behavior with a juvenile, the jury made the additional finding that the victim was under the age of thirteen while Defendant was over the age of seventeen at the time of the offense.

On September 22, 2021, the trial court, after hearing oral argument, denied Defendant's "Motion to Set a New Trial."  Sentencing was held on September 24, 2021.  The trial court sentenced Defendant to the mandatory term of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for first degree rape and twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence for indecent behavior with a juvenile.  The sentences were ordered to be served concurrently, and Defendant was given credit for time served since his arrest.  Defense counsel did not object to the sentences imposed or file a motion to reconsider the sentences.

Defendant filed a "Notice of Appeal and Motion to Appoint Appellate Counsel" which the trial court granted.  Defendant now appeals his convictions and his sentence for indecent behavior with a juvenile, asserting two assignments of error: (1) the trial court erred in denying his challenge for cause of a prospective juror; and (2) the trial court erred in sentencing him under the enhanced sentencing provision set forth in La.R.S. 14:81(H)(2).  On July 25, 2022, this court received Defendant's pro se brief wherein he asserted several additional assignments of error.

---

[2] The appellate record did not include the part of the trial transcript with the jury's return of the verdicts and jury polling.  The court minutes reflect that the jury found Defendant guilty on both counts and the defense requested the jury be polled.  Despite this, our review of the court minutes reflect that "it is determined that the verdict is unanimous."  Because the court minutes referred to a singular verdict as being unanimous, we ordered the record supplemented with the jury's return of the verdicts and jury polling transcript.  On July 12, 2022, the supplemental record was lodged with this court.  Subsequently, this court received the polling slips as a sealed exhibit.  Our review of the supplemental record shows that a unanimous verdict was returned as to both counts.

2

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.[3] However, we find the minutes of the jury's verdict need correction.

Although the jury returned a guilty verdict as to both count one (first degree rape) and count two (indecent behavior with a juvenile), the court minutes refer to a singular "verdict" when stating that "the verdict is unanimous." *See* n. 2. After this court reviewed the polling slips, which were received as a sealed exhibit, the polling slips reflect that a unanimous verdict was returned as to both counts. Accordingly, remand this matter and we order the trial court to amend the minutes of polling to accurately reflect that both verdicts were unanimous.

## APPELLANT'S ASSIGNMENTS OF ERROR

### ASSIGNMENT OF ERROR NUMBER ONE: CHALLENGE FOR CAUSE

Defendant first contends the trial court erred when it denied the defense's challenge for cause of prospective juror, Dianne LeBlanc ("Ms. LeBlanc").[4] Defendant asserts that Ms. LeBlanc was not impartial as she admitted she would likely sympathize with the twelve-year-old victim. For reasons which follow, we

---

[3] Our review of the record shows the trial court referred to the wrong statutory citation when it imposed the sentence for first degree rape. The trial court incorrectly referred to La.R.S. 14:43, the statutory citation for third degree rape. This we find does not present an error patent because the trial court referred to the correct offense (first degree rape) and imposed the correct penalty (life at hard labor without benefits).

[4] In brief, defense counsel refers to the prospective juror by her initials, D.L., on the basis that her disclosure to the trial court suggests that she was a victim of sexual assault. In choosing this course of action, defense counsel relies on La.R.S. 46:1844(W). In brief, the State "follow[ed] suit out of an abundance of caution." However, we observe that La.R.S. 46:1844(W) protects the identities of crime victims who are minors, victims of sex offenses, and victims of human-trafficking offenses. The plain language of La.R.S. 46:1844(W) reflects that it has no application to anyone other than the victim in the instant case. Therefore, the statute does not apply to the prospective jurors, and we will refer to the prospective juror by her name as it appears in the transcript.

find this issue was not preserved for appellate review as required by La.Code Crim.P.

art. 800(A) and Uniform Rules—Courts of Appeal, Rule 1-3.

> [Louisiana Code of Criminal Procedure Article] 800(A) requires an objection at the time of the ruling, which denies a challenge for cause, in order to preserve the claim for appellate review. Article 800(A) also mandates that the nature of the objection and the grounds therefor be stated at the time of the objection. With respect to that provision, this court has made clear:
>
> > Our law is also settled that an objection need not be raised by incantation. "It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." C.Cr.P. 841; **State v. Boutte**, 384 So.2d 773 (La. 1980). The requirement that objection be raised contemporaneously is not meant to be inflexible, but is designed "to promote judicial efficiency and to insure fair play." **State v. Lee**, 346 So.2d 682, 684 (La. 1977). Article 800 should not be read to differ in this respect from Article 841.

**State v. Vanderpool**, 493 So.2d 574, 575 (La. 1986).

*State v. Clark*, 12-508, p. 99 (La. 12/19/16), 220 So.3d 583, 663, *cert. granted, judgment vacated on other grounds sub nom. Clark v. Louisiana,* ___ U.S. ___, 138 S.Ct. 2671 (2018).

In *Clark*, the Louisiana supreme court found the defendant could not assign error to the denial of a challenge for cause as he failed to lodge a contemporaneous objection to the trial court's denial. Likewise, in *State v. Anderson*, 06-2987, p. 28 (La. 9/9/08), 996 So.2d 973, 996, *cert. denied*, 556 U.S. 1165, 129 S.Ct. 1906 (2009), the supreme court cited La.Code Crim.P. art. 800 and stated that "[a] defendant must object at the time of the ruling on the refusal to sustain a challenge for cause of a prospective juror."

However, we recognize that in *State v. Queen*, 17-599 (La.App. 3 Cir. 1/4/18), 237 So.3d 547, *writ denied*, 18-211 (La. 11/20/18), 257 So.3d 186, this court

determined a defendant's failure to object to the denial of challenges for cause did not prohibit review of the issue on appeal. In *Queen*, 237 So.3d at 563, this court quoted *State v. Pinion*, 06-2346, p. 10 (La. 10/26/07), 968 So.2d 131, 136 (emphasis in original), noting:

> *In jury selection, counsel satisfies the requirements of Louisiana's contemporaneous objection rule by stating his grounds for a cause challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause.* La.C.Cr.P. art. 841 ("It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take ... and the grounds therefor.").

In contrast to the facts presented in *Queen*, defense counsel in the present case neither set forth any grounds for challenging Ms. LeBlanc nor contemporaneously objected to the trial court's denial of the challenge for cause. The record reflects that following questions of the second panel of prospective jurors, the State indicated it did not have any challenges for cause. The trial court then addressed defense counsel and the following colloquy took place:

**THE COURT**:

Any by the defense? [Mr. Abshire]?

**MR. ABSHIRE**:

Ms. LeBlanc.

**THE COURT**:

I felt like she ended up okay. I mean I was concerned initially, but I think she ended up saying she could do it because she's very, very conscientious and I felt like as conscientious as she was[,] I felt like -- I think she can do it. So I'm going to deny that challenge for cause on Ms[.] LeBlanc. All right. So is that the only challenge for cause?

**MR. ABSHIRE**:

Yes.

5

Defense counsel later exercised his last peremptory challenge to remove Ms. LeBlanc without comment. Because defense counsel did not state any grounds for challenging Ms. LeBlanc or contemporaneously object to the trial court's ruling, Defendant may not now assign that denial of the challenge for cause as error or assert reasons why the challenge for cause should have been granted. La.Code Crim.P. art. 800(A); Uniform Rules—Courts of Appeal, Rule 1-3.

### ASSIGNMENT OF ERROR NUMBER TWO: ENHANCED SENTENCING

Defendant next asserts the trial court erred in sentencing him under the enhanced sentencing provision of La.R.S. 14:81(H)(2) for his conviction of indecent behavior with a juvenile. Defendant's argument rests on three claims: (1) the additional element related to Defendant's age should have been alleged in the indictment; (2) the additional element related to Defendant's age should have been discussed in the jury instructions; and (3) the State did not prove the additional element related to Defendant's age beyond a reasonable doubt.

In opposition, the State, relying on Uniform Rules—Courts of Appeal, Rule 1-3,[5] argues Defendant is procedurally precluded from raising this issue for the first time on appeal. The State contends Defendant did not file a motion to reconsider sentence in accordance with La.Code Crim.P. art. 881.1 to preserve any sentencing claims for appellate review. Additionally, the State argues Defendant did not file a motion to quash the indictment, contemporaneously object to the jury instructions,

---

[5] Uniform Rules—Courts of Appeal, Rule 1-3 states:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

or file a motion for post-verdict judgment of acquittal to challenge the lack of evidence proving Defendant's age. Finally, the State argues that should this court review Defendant's assignment of error, this court should find any error was harmless.

We will first address whether Defendant is procedurally barred from raising the sentencing issue for the first time on appeal. The State is correct that the failure to file a motion to reconsider sentence would ordinarily preclude a defendant from raising an objection to his sentence on appeal. *See* La.Code Crim.P. art. 881.1(E). However, if this court were to find that Defendant was erroneously sentenced under the enhanced sentencing provision, then his sentence would be illegal. "An illegal sentence may be corrected . . . by an appellate court on review." La.Code Crim.P. art. 882. Therefore, we will review this assignment of error despite Defendant's failure to file a motion to reconsider sentence.

There are multiple sentencing provisions applicable to indecent behavior with juveniles. Louisiana Revised Statutes 14:81[6] states, in pertinent part:

> H. (1) Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
>
> (2) Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

---

[6] Although La.R.S. 14:81 was amended in 2020, that amendment has no effect on this case.

7

We will now discuss Defendant's alleged errors and then discuss whether the alleged errors render his sentence illegally excessive.

Defendant first asserts the indictment neither specifically referenced the enhanced sentencing provision contained in La.R.S. 14:81(H)(2) nor listed the additional element of the offense necessary to apply the sentencing enhancement, namely that Defendant was seventeen years or older at the time of the offense.[7] As a result, Defendant argues he was not put on notice that the enhanced sentence would be sought.

The indictment listed Defendant's date of birth as June 29, 1994. It then charged Defendant with:

> Count 2: Eddie Lee O'Brien on or about May 6, 2018, did commit indecent behavior with L.D.[T.] whose date of birth is July 20, 2005, a juvenile with the intention of arousing or gratifying the sexual desires of either person by committing a lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, violation of LSA R.S. 14:81.A.(1)[.]

Both Defendant's and L.D.T.'s dates of birth were in the indictment. From the date of the offense listed in the indictment and the dates of birth, it is clear that L.D.T. was under the age of thirteen and that Defendant was over the age of seventeen at the time of the offense. Nevertheless, the indictment did not specifically reference the enhanced sentencing provision of La.R.S. 14:81(H)(2).

Defendant also asserts that the trial court erred in failing to instruct the jury of the necessity of finding the additional element of his age beyond a reasonable doubt. Defendant contends the jury was not informed of the alternative of returning a guilty

---

[7] Defendant makes it abundantly clear in his brief that this is a matter of correcting an illegal sentence, not a deficient indictment issue.

verdict without finding that L.D.T. was under the age of thirteen and Defendant was seventeen years or older at the time of the offense.[8]

Before beginning the analysis, we observe that the defense's failure to make a contemporaneous objection to the jury instructions would generally waive review of the jury instructions on appeal. La.Code Crim.P. art. 801(C); *State v. Ruffins*, 41,033 (La.App. 2 Cir. 9/20/06), 940 So.2d 45, *writ denied*, 06-2779 (La. 6/22/07), 959 So.2d 494. However, jury instructions may be reviewed on appeal despite the lack of a contemporaneous objection when the alleged error violates a fundamental right. *Id.* Notwithstanding, we find Defendant's contentions lack merit.

A review of the record shows that the trial court instructed the jury that to find Defendant guilty as charged, it had to find as an element that "L.D.T. WAS UNDER THE AGE OF SEVENTEEN AND THE DEFENDANT WAS SEVENTEEN YEARS OF AGE OR OLDER AND MORE THAN TWO YEARS OLDER THAN L.D.T. AT THE TIME OF THE ALLEGED OFFENSE[.]" The trial court then stated to the jury:

> As you heard me read in the definition, the definition of indecent behavior with a juvenile [is] . . . a victim under seventeen and somebody over seventeen where there's . . . more than two years difference in age. That's the definition, but there's a question that you're going to be asked as to whether you find, it's a separate question, about whether you find that the victim was under thirteen. That's a separate item that you're being asked as to whether the State has proven that one, that item. That's a separate question that you're being asked to -- whether the State has proven that in addition to the regular verdict.

Further, the written jury verdict form provided that to convict Defendant of indecent behavior with a juvenile, the jury could make the following determination:

---

[8]The State was required to prove L.D.T. was under the age of seventeen and Defendant was two years older than L.D.T. for purposes of convicting Defendant of indecent behavior with a juvenile. La.R.S. 14:81(A)(1). To sentence Defendant under the enhanced sentencing provision, the State was required to prove L.D.T. was under the age of thirteen and Defendant was seventeen years or older. La.R.S. 14:81(H)(2).

"We, the jury, find beyond a reasonable doubt that any act or acts which form the basis of this verdict occurred while the victim was under the age of 13, and while the defendant was over the age of 17." In convicting Defendant of indecent behavior of a juvenile, the jury specifically made the determination that L.D.T. was under the age of thirteen and Defendant was over the age of seventeen at the time of the offense.

The record supports the jury's finding that the State met its burden of proving Defendant was seventeen years or older at the time of the offense for sentencing purposes. While Defendant asserts there is no concrete evidence regarding his age in the record, we note that La.R.S. 14:81 does not require proof of his birthdate by introducing his birth certificate. Rather, the State need only prove Defendant was seventeen years or older at the time of the offense. At trial, several witnesses testified that Defendant was over the age of seventeen. Elizabeth Broussard, the SANE nurse who examined L.D.T. shortly after the offense, testified that Defendant was reported to be twenty-three years old. This is reflected in her examination report which was admitted as State's Exhibit S-8 and published to the jury. Similarly, Dr. Scott Bergstedt testified that Defendant was twenty-three years old at the time of the offense, and the State admitted Dr. Bergstedt's medical report into evidence. Finally, Defendant's date of birth was listed on a search warrant which was introduced into evidence during the testimony of Detective Kevin Kirkum. Therefore, we find the evidence presented was sufficient for the jury to conclude the State proved beyond a reasonable doubt that Defendant was seventeen years or older at the time of the offense.

10

*Harmless Error*

Nevertheless, even if we were to find the indictment or the jury instructions were erroneous, the errors were harmless. In *State v. Ardoin*, 10-1018, pp. 27-33 (La.App. 3 Cir. 3/9/11), 58 So.3d 1025, 1042-45, *writ denied*, 11-653 (La. 10/14/11), 74 So.3d 218 (emphasis in original), this court discussed a similar issue as follows:

> On appeal, the Defendant contends that the trial court erred in sentencing him under the enhanced sentencing provision in La.R.S. 14:81(H)(2) because the jury did not make a determination as to the Victim's age, an additional element necessary for imposition of the enhanced penalty. The Defendant refers, first, to the bill of indictment wherein he was charged in count one with committing indecent behavior with a juvenile "by committing a lewd and lascivious act upon a juvenile or in the presence of, one V.T.I., under the age of 17 by the defendant, with the intent of arousing or gratifying the sexual desires of either person, the defendant being over the age of 17 years."

> Next, the Defendant refers to the jury charge regarding the elements of the offense. The jury was instructed that to find the Defendant guilty as charged, it had to find that "the victim was under the age of 17 and more than two years younger than the defendant at the time of the alleged offense." As such, the jury was not required to find that the victim was under the age of thirteen as required by La.R.S. 14:81(H)(2).

> Lastly, the Defendant refers to the jury's verdict sheet, complaining that it did not list a separate finding by the jury that the Victim was under the age of thirteen. The only finding made by the jury was "Guilty of Indecent Behavior with a Juvenile."

> In support of his argument, the Defendant refers, first, to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein the defendant pled guilty to an offense which carried a sentencing range of five to ten years. The trial court, however, imposed a twelve-year sentence pursuant to a hate crime statute that allowed a sentence to be enhanced upon the trial judge's finding by a preponderance of the evidence that the crime was motivated by racial bias. In reversing the ruling, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362-63.

> The Defendant also cites *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), wherein the Supreme Court

11

followed its ruling in *Apprendi.* The defendant was sentenced to death for his capital felony-murder conviction. At the time of the offense, Arizona law allowed the trial judge alone to determine the presence or absence of the aggravating factors required for imposition of the death penalty. The Court, citing language from *Apprendi,* stated,

> The dispositive question, we said, "is one not of form, but of effect." *Id.,* at 494, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. If a State makes an increase in a defendant's authorized punishment contingent on a finding of fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. See *id.,* at 482-483, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

*Id.* at 602, 122 S.Ct. at 2439. In reversing the lower court ruling, the Court concluded that the Sixth Amendment required the enumerated aggravating factors be found by a jury, because they operated as the functional equivalent of an element of a greater offense.

Lastly, the Defendant refers to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), wherein the Supreme Court clarified its previous holdings in *Ring* and *Apprendi.* The defendant in Blakely pled guilty to kidnapping and was sentenced to ninety months. However, the facts to which he admitted in his guilty plea supported a maximum sentence of fifty-three months. Pursuant to state law, after making a judicial determination that the defendant acted with deliberate cruelty, the trial court imposed an enhanced sentence of ninety months. In reversing the lower court, the Supreme Court considered the holdings in *Apprendi* and *Ring,* recognizing that the facts supporting the sentence enhancement were neither admitted by the defendant nor found by a jury. The Court ultimately concluded that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-04, 124 S.Ct. at 2537.

Relying on the rulings in *Blakely, Ring*, and *Apprendi,* the Defendant asserts that the State was required to set forth the Victim's age in the bill of indictment, and the jury was required to find that the child was under thirteen at the time of the offense. Although the Victim's age was not admitted to at trial, the Defendant contends that the pivotal issue is whether the jury made a finding beyond a reasonable doubt as to the Victim's age.

Both the Defendant and the State refer to a Louisiana case, *State v. Gibson,* 09-486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, *writ denied,* 10-802 (La.11/5/10), 50 So.3d 814, [w]herein a similar issue was raised. The defendant, convicted of sexual battery, argued that the trial

court erred in sentencing him in accordance with the penalty provision of La.R.S. 14:43.1(C)(2), an enhanced penalty imposed when the offense involves a victim under thirteen years old and the offender is seventeen years or older. The defendant reasoned that neither the jury's verdict nor the jury instructions referenced the additional age requirements of La.R.S. 14.43.1(C)(2). The defendant was initially charged with aggravated rape but was found guilty of the responsive verdict of sexual battery. The jury, however, did not indicate on the verdict form that the defendant was older than seventeen years of age or that the victim was under the age of thirteen.

In *Gibson,* the court considered the Supreme Court's rulings in *Apprendi, Ring*, and *Blakely* and concluded that the trial court had committed an *Apprendi* violation. The court added that the State should have explicitly noted in the bill of information that the enhanced sentence provision in La.R.S. 14.43.1(C)(2) was applicable to the defendant and that the trial court should have included a jury instruction reflecting that the defendant's and the victim's ages were elements of same.

The *Gibson* court, however, did not end its analysis at that point but referred to *Neder v. United States,* 527 U.S. 1, 19, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999), wherein the Supreme Court held that a "[jury] instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." The court in *Neder* then proceeded with a harmless error analysis and concluded, "In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee." *Id.* at 19; 119 S.Ct. at 1838.

The *Gibson* court also cited *Washington v. Recuenco,* 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), wherein the trial court imposed an enhanced sentence for a firearm based solely on the jury's finding that the defendant was armed with a deadly weapon. The Supreme Court ultimately held that the trial court's failure to submit a sentencing factor to the jury was not a structural error requiring a reversal of the conviction but was subject to a harmless error analysis.

Applying a harmless error analysis, the court in *Gibson* noted that the victim's date of birth was found in the bill information, the victim told the examining physician the year she was born, and the victim's mother's testimony indicated the year the victim was born. Accordingly, the court found that the jury could have concluded that the victim would have been approximately seven years old when the abuse began and nine years old when it ceased. With regard to the defendant's age, based on the testimony of the victim's mother, the

13

defendant would have been approximately twenty-four years old when the abuse began and twenty-six years old when it ended. The court also ruled that jury observation could be used to infer a defendant's age when no direct evidence was presented. The court concluded that the *Apprendi* violation was harmless.

In the instant case, the alleged error is clearly an *Apprendi* violation. The State should have explicitly noted in the bill of information that the enhanced sentence provision in La.R.S. 14:81(H)(2) was applicable to the Defendant, and the trial court should have included a jury instruction reflecting the Defendant's and the Victim's ages as elements of offense. We find that a harmless error analysis is appropriate in this case to determine whether the trial court's error in failing to instruct the jury as to the enhanced penalty provision of La.R.S. 14.81(H)(2) was harmless.

With regard to the bill of indictment, the Victim's age, nine years old, is not set forth in count one but is found in count three and was read aloud by the minute clerk on the first day of trial. Additionally, in discussing the sexual acts resulting in the charge of indecent behavior with a juvenile during opening statements, the prosecutor repeatedly stated that the Victim was nine years old at the time of the offense. On direct examination, the Victim testified that she was born on January 26, 1998, and turned nine years old on January 26, 2007. She also indicated on redirect examination that she was nine years old at the time of the offenses and had just turned ten when she gained the courage to report the offenses. The bill of indictment reflects that all the offenses for which the Defendant was charged, including indecent behavior with a juvenile, occurred on or about March 1, 2007, through November 30, 2007, when the Victim was nine years old. Lastly, the Victim's medical records introduced at trial included her date of birth.

With regard to the Defendant's age, his date of birth, January 29, 1964, is found in the bill of indictment and was reiterated by the Defendant at the beginning of all three recorded statements. The Defendant's date of birth also appears on the *Miranda* waiver dated February 3, 2008, and his age appears on the *Miranda* waiver dated February 8, 2008, both of which were introduced at trial. Lastly, Detective Ortis testified at trial that the Defendant was forty-four years old at the time he signed the *Miranda* waiver dated February 8, 2008, and that he informed the Defendant that they wanted to speak to him about the rape of a "ten year old."

Considering the evidence viewed in the light most favorable to the prosecution, we find the evidence was sufficient for a rational trier of fact to conclude the State proved beyond a reasonable doubt that the Defendant was seventeen or older and that the Victim was under the age of thirteen. Further, the Defendant did not refute at trial any of the evidence regarding his age or the Victim's age, nor does he challenge

evidence of same on appeal. Although the trial court clearly committed an *Apprendi* violation, we find the error was harmless. Accordingly, this assignment of error has no merit.

In the present case, as in *Ardoin*, 58 So.3d 1025, the State should have explicitly noted the enhanced sentencing provision of La.R.S. 14.81(H)(2) in the indictment. However, that error is harmless given the evidence was sufficient for a rational trier of fact to conclude L.D.T. was under the age of thirteen and Defendant was seventeen years or older at the time of the offense.

Accordingly, we conclude Defendant was properly sentenced under the enhanced sentencing provision in La.R.S. 14:81(H)(2), and this assignment of error is without merit.

## PRO SE ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In his first pro se assignment of error, Defendant asserts "[t]he trial court erred in allowing the [S]tate to target their prosecution to fit alleged charges by testimony and securing a guilty verdict from juror D. LeBlanc who was not impartial. . . ."[9] In his second pro se assignment of error, Defendant contends the trial court was partial and biased to the State and showed hostility to Defendant. Defendant takes issue with the trial court reading the bill of indictment prior to trial and to "[making] him a hostage" of the legal system.

Defendant has failed to comply with Uniform Rules—Courts of Appeal, Rule 2-12.4. Defendant does not provide any evidence or record page references to support his claims. Therefore, the claims asserted in these assignments of error are not considered. *Cf. State v. Blade,* 20-172, 20-173 (La.App. 3 Cir. 4/28/21) (unpublished opinion), *writ denied*, 21-754 (La. 10/1/21), 324 So.3d 1059; *see also*

---

[9] As discussed in Assignment of Error No. 1, Dianne LeBlanc was peremptorily challenged by defense counsel and did not sit on Defendant's jury.

*State v. Thacker*, 13-516 (La.App. 3 Cir. 1/28/15), 157 So.3d 798; *State v. Robinson*, 11-12 (La.App. 5 Cir. 12/29/11), 87 So.3d 881, *writ denied*, 12-279 (La. 6/15/12), 90 So.3d 1059.

## PRO SE ASSIGNMENT OF ERROR NUMBER THREE

Finally, Defendant asserts the "trial court is not operating in a lawful jurisdiction[.]" Although the premise is not clearly stated, Defendant argues that he is not a citizen of the United States; rather, he states that he is a "Moorish American National[] of the mighty Choctaw nation Blood line." He claims he is under the jurisdiction of the "Declaration of Rights of Indigenous People." We find this argument without merit.

## DECREE

For the foregoing reasons, Defendant's convictions and sentences are affirmed. Notwithstanding, we order that this matter be remanded and order the trial court to amend the minutes of the Jury Polling to accurately reflect that both verdicts were unanimous; and that Defendant be provided with notice of said amendment to the minutes within thirty (30) days.

## AFFIRMED AND REMANDED WITH INSTRUCTIONS.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

16