# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #054

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **8th day of December, 2023** are as follows:

**BY Weimer, C.J.:**

*2022-K-01824*       *STATE OF LOUISIANA  VS.  JOSE M. SAGASTUME (Parish of Jefferson)*

REVERSED AND REINSTATED. SEE OPINION.

Griffin, J., dissents and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2022-K-01824

## STATE OF LOUISIANA

## VS.

## JOSE M. SAGASTUME

On Writ of Certiorari to the Court of Appeal, Fifth Circuit, Parish of Jefferson

**Weimer, C.J.**

We granted the State's application to consider whether defendant's claim that the trial court erred in denying two cause challenges is reviewable on appeal despite the lack of an objection to the rulings by defense counsel during voir dire. After reviewing the jurisprudence pertaining to Code of Criminal Procedure art. 800(A), we find that the article requires a defendant to object contemporaneously in order to assign as error a ruling of a trial court refusing to sustain the challenge of a juror for cause. We further find that the record shows that defense counsel did not object when the trial court denied two cause challenges, which rulings were then assigned as errors on appeal. Therefore, we reverse the ruling of the court of appeal, which set aside the conviction for domestic abuse battery involving strangulation, La. R.S. 14:35.3, based on the erroneous denial of a cause challenge. We reinstate the conviction and sentence, which we hereby affirm.

On October 28, 2019, defendant, Jose Sagastume, was charged with domestic abuse battery by strangulation, La. R.S. 14:35.3. The intoxicated defendant, apparently motivated by jealousy, had attacked and choked his wife. After trial in Jefferson Parish, a unanimous 12-person jury found defendant guilty as charged. The trial court sentenced him to three years imprisonment at hard labor, with two years suspended, and active probation for two years. Defendant appealed.

On appeal, defendant contended that the trial court erred in denying his challenges for cause of two prospective jurors. One prospective juror was a retired New Orleans police officer, who defendant argued would tend to believe the testimony of any law enforcement witnesses and who would require defendant to prove his innocence. The second prospective juror was a former assistant district attorney in Jefferson Parish, who defendant argued could not be impartial. The trial court denied both cause challenges, after which the defense acquiesced to the rulings without objection (stating "ok."). The defense then used two peremptory challenges to remove both prospective jurors, and subsequently exhausted all allotted peremptory challenges.

The court of appeal recognized that "[d]efense counsel gave reasons for his challenges for cause, but when the trial court denied them, he did not formally object." *State v. Sagastume*, 2022-32, p. 4 (La. App. 5 Cir. 11/16/22), 353 So.3d 318, 323. However, the court of appeal found that the lack of any objection to the trial court's rulings did not bar appellate review "[c]onsidering that defense counsel clearly articulated the reasons for his challenges contemporaneously, and subsequently used his peremptory challenges to remove [these two] prospective jurors[.]" *Id*. To reach that conclusion the court of appeal relied on circuit court opinions as well as this court's decisions in *State v. Pinion*, 2006-2346 (La. 10/26/07), 968 So.2d 131 (per curiam), and *State v. Vanderpool*, 493 So.2d 574 (La. 1986).

The court of appeal then reviewed the record of voir dire as it pertained to the retired NOPD officer. The court of appeal found that this prospective juror's responses "as a whole, revealed facts from which bias, prejudice or an inability to render judgment according to the law may be reasonably implied." *Sagastume*, 2022-32, p. 9, 353 So.2d at 326. Therefore, the court of appeal found that the trial court committed reversible error in denying defendant's challenge for cause of this

2

prospective juror. Because it reversed the conviction on that basis, the court of appeal did not consider whether the trial court also erred in denying the other cause challenge.

For the reasons below, we find that the court of appeal erred in determining that defendant's claims were preserved for review despite the lack of any objection to the rulings. Therefore, we do not consider whether the court of appeal correctly determined that the trial court erred in denying one cause challenge, and we likewise do not consider whether the trial court erred in denying the other challenge.

The parties agree that Code of Criminal Procedure art. 800(A) applies here but dispute what it requires. According to the State, the court of appeal ignored the plain language of this provision to find that defendant's cause challenges themselves sufficed to preserve the rulings on them for review despite the absence of any objection to the rulings. According to defendant, however, this provision is no different than the contemporaneous objection rule embodied in La.C.Cr.P. art. 841, and under both provisions it is sufficient that a party make known to the trial court the action he wishes the court to take or his objections to the action of the court, and the grounds therefor.

Statutory interpretation begins with "the language of the statute itself." *Cat's Meow v. City of New Orleans*, 1998-601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198; *see also Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("[C]anons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.... When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (citations and internal quotation marks omitted).

3

Code of Criminal Procedure art. 800(A) provides:

> A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection.

Article 800 was adopted in 1966 but did not contain the language above until it was amended in 1983.[1] This court interpreted and applied the amended article in *State v. Vanderpool*, 493 So.2d 574 (La. 1986). Writing for the majority, Chief Justice Dixon observed that it was settled "that an objection need not be raised by incantation." *Id.* at 575. Further, Chief Justice Dixon stated that "Article 800 should not be read to differ in this respect from Article 841." *Id.* Defendant in *Vanderpool* challenged a prospective juror, who was a deputy sheriff, for cause. After the trial court declined to excuse the prospective juror because of his employment, defendant asked the juror additional questions and then reasserted his cause challenge based on the prospective juror's substantial involvement in law enforcement. The majority in *Vanderpool* found this sufficed to preserve the claim for review but that defendant was not entitled to relief because he suffered no prejudice from the ruling.

Justice Calogero concurred. Rather than base the decision on the lack of prejudice to defendant, Justice Calogero found the claim was not preserved for review. He explained the amendment in the context of its legislative history as follows:

> La.C.Cr.P. art. 800 as presently written requires the defendant to object specifically in order to assign as error a ruling of a trial judge refusing to sustain the challenge of a juror for cause.

> Before the 1983 amendment, Article 800 consisted of two paragraphs, both of them favorable to the state. The first paragraph said that a defendant's challenge for cause which is denied by the trial court erroneously cannot be complained of unless the defendant has exhausted his peremptory challenges.

> The second paragraph (before the '83 amendment) said that an erroneous allowance to the state of a challenge for cause (and

---

[1] Acts 1966, No. 310, §1; Acts 1983, No. 181, § 1.

presumably irrespective of whether the defendant objected) does not afford the defendant a ground for complaint unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law. Thus, before 1983, the defendant who had been erroneously denied a valid challenge for cause could not complain unless he went on in the case to exercise all his peremptory challenges. And the defendant was similarly not entitled to complain of a court ruling erroneously allowing a state challenge for cause unless the state exercised all its peremptory challenges (so that effectively the state got free the erroneously allowed juror).

In 1983 the legislature amended La.C.Cr.P. art. 800. Favorably to the defendant, the first paragraph of the former Article 800 was deleted so that a defendant is permitted now to complain of a ruling refusing to sustain his challenge for cause, even if he has not thereafter in the case exercised all of his peremptory challenges. The second paragraph about the state's erroneously allowed challenge is unchanged.

Unfavorably to the defendant, however, the first paragraph substituted in the 1983 Act now says that the defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him unless an objection thereto is made at the time of the ruling. The language is quite clear. It pre-supposes that the defendant has challenged for cause, and presumably it pre-supposes that he has also given his reason. And yet the article goes on to say that he can not assign that ruling as error unless he objects thereto at the time of the ruling, that is, that he makes a contemporaneous objection to the ruling which has denied his challenge.

The change, therefore, to Article 800 had in it something for both the defendant and the state. Defendant can now complain of an erroneous ruling denying him a challenge for cause even if he has not exhausted all of his peremptory challenges (since the first paragraph of the former Article 800 has been removed from the article). Correspondingly, however, and this change is favorable to the state, before he can complain of that ruling, a defendant must make an objection to the ruling.

The article should therefore be interpreted as it plainly reads. The defendant must object after a court ruling refusing to sustain his challenge for cause even when his challenge was accompanied by clearly stated reasons.

*Vanderpool*, 493 So.2d at 576 (Calogero, J., concurring). We find Justice Calogero's views in *Vanderpool* illuminating. However, we also note that the defendant in *Vanderpool* took additional steps after the ruling and thereby differed significantly from the present defendant. Defendant in *Vanderpool* reiterated and elaborated upon

his cause challenge after it was denied. Defendant here acquiesced in the ruling without objection.

In addition to *Vanderpool*, the court of appeal found guidance in *State v. Pinion*, 2006-2346 (La. 10/26/07), 968 So.2d 131 (per curiam). *See Sagastume*, 2022-32, p. 5 n.3, 353 So.3d at 323. However, *Pinion* neither involved the interpretation or application of La.C.Cr.P. art. 800(A) nor did it consider whether rulings on cause challenges were preserved for appellate review. Instead, this court in *Pinion* considered whether a technical problem that rendered recordings of the bench conferences in which challenges were made during voir dire inaudible deprived the defendant of meaningful appellate review. In that context, and while discussing the court of appeal's comment on counsel's failure to make a general objection to the composition of the jury, this court briefly referenced in dicta the requirements of La.C.Cr.P. art. 841(A), which contains this jurisdiction's contemporaneous objection rule. *See Pinion*, 2006-2346, p. 10, 968 So.2d at 136. That discussion may have engendered some confusion in the jurisprudence. The first circuit, however, correctly addressed *Pinion* in *State v. Mills*, 2013-573 (La. App. 1 Cir. 8/27/14), 153 So.3d 481, stating:

> *Pinion* involved the requirement of accepting an obnoxious juror to prove prejudice on appeal and made no mention of Louisiana Code of Criminal Procedure article 800. The issue of prejudice is not before us. Rather, we rely on the clear language of Article 800 and the procedure recited in *State v. Cousan*, 94-2503 (La. 11/25/96), 684 So.2d 382, 388–89, both of which require that a defendant lodge a contemporaneous objection to the trial court's ruling in order to assign as error the trial court's refusal to sustain his challenge for cause.

*Pinion*, 2006-2346, p. 4 n.2, 153 So.3d at 486.

While the First Circuit regularly applies the language of La.C.Cr.P. art. 800(A) that requires a contemporaneous objection in accordance with the procedure described in *Cousan*, the Second, Third, Fourth, and Fifth Circuits' application of

6

the article is inconsistent.[2] This court's comment in *Vanderpool* comparing the contemporaneous objection rule embodied in La.C.Cr.P. art. 841 to the amended article in La.C.Cr.P. art. 800(A) stemmed from the jurisprudence that preceded the 1983 amendment. That earlier jurisprudence, in the absence of the more specific statutory guidance later provided in La.C.Cr.P. art. 800(A), had required a contemporaneous objection to consider on appeal whether a trial court erred in failing to disqualify a prospective juror.[3] While that comment in *Vanderpool* might engender some confusion when viewed in isolation from the historical context of the jurisprudence from which it arose, any confusion can be resolved by the principle that "when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *State v. Campbell*, 03-3035, p. 8 (La. 7/6/04), 877 So.2d 112, 118. Article 800(A), as the more specific provision directed to the matter at issue here, must prevail over the general contemporaneous objection provision of Article 841(A).

---

[2] For example, the Second Circuit, citing *Pinion*, held that a separate objection was not necessary to preserve a challenge for cause claim in *State v. Franklin*, 43,173, pp. 14–15 (La. App. 2 Cir. 9/17/08), 996 So.2d 387, 397, *writ denied,* 2008-2371 (La. 5/22/09), 9 So.3d 138, but more recently, in *State v. Hampton*, 50,561, p. 14 (La. App. 2 Cir. 5/18/16), 195 So.3d 548, 557, *writ denied,* 2016-1181 (La. 5/26/17), 221 So.3d 854, the Second Circuit read Article 800 to require a contemporaneous objection. The Third Circuit has similarly applied Article 800 inconsistently. In *State v. Queen*, 2017-599, p. 26 (La. App. 3 Cir. 1/4/18), 237 So.3d 547, 564, *writ denied,* 2018-211 (La. 11/20/18), 257 So.3d 186, citing *Pinion*, the court did not require an objection, while in *State v. Narcisse*, 2008-250 (La. App. 3 Cir. 11/19/08) (unpub'd, available at 2008 WL 4927372 *11), the Third Circuit refused to address a claim due to lack of contemporaneous objection. In *State v. Porter,* 2013-357, pp. 17–18, (La. App. 4 Cir. 10/8/14), 151 So.3d 871, 884, *writ denied,* 2014-2353 (La. 9/11/15), 176 So.3d 1037, the Fourth Circuit found the cause challenge claim was preserved despite defendant's failure to lodge an objection (citing *Pinion*). Later, in *State v. Lambert,* 2015-886, p. 22 (La. App. 4 Cir. 1/20/16), 186 So.3d 728, 743, *writ denied,* 2016-335 (La. 2/17/17), the Fourth Circuit concluded un-objected-to denials of cause challenges were not preserved for appellate review. The Fifth Circuit has likewise ruled inconsistently on this issue. In *State v. Anderson*, 2009-105 (La. App. 5 Cir. 10/27/09), 28 So.3d 324, *writ denied,* 2009-2596 (La. 5/21/10), 36 So.3d 229, the Fifth Circuit found it sufficed that counsel provided reasons for the challenge and then used a peremptory strike on the juror to preserve the issue for appeal without a formal objection. Later, in *State v. Perry*, 2017-567, p. 13 (La. App. 5 Cir. 6/27/18), 250 So.3d 1180, 1193–94, *writ denied,* 2018-1325 (La. 11/14/18), 256 So.3d 285, the Fifth Circuit interpreted Article 800 to require an objection to preserve the claim for appellate review.

[3] *See State v. Haarala*, 398 So.2d 1093 (La. 1981); *State v. Collins*, 359 So.2d 174 (La. 1978); *State v. Alexander*, 351 So.2d 505 (La. 1977).

As noted in the First Circuit's decision in *Mills*, above, this court clearly stated in *Cousan* that "to preserve the issue [whether a trial court erred in denying his cause challenges] for appeal, the defendant must also lodge a contemporaneous objection to the trial court's ruling." *Cousan*, 1994-2503, p. 10, 684 So.2d at 389. Furthermore, in *State v. Clark*, 2012-508 (La. 12/19/16), 220 So.3d 583,[4] which is the decision in which this court most recently applied La.C.Cr.P. art. 800(A), this court found that the defendant in *Clark* was not entitled to assign error to the trial court's denial of three cause challenges because defendant lodged no objection to those rulings. *Id.*, 2012-508, pp. 98–109, 220 So.3d at 662–69. Therefore, this court found that the rulings were not preserved for review pursuant to La.C.Cr.P. art. 800(A), which "requires an objection at the time of the ruling, which denies a challenge for cause, in order to preserve the claim for appellate review." *Id.*, 2012-508, p. 99, 220 So.3d at 663. Quoting from *Vanderpool*, this court further observed that while an objection need not be raised by incantation, the article nonetheless requires that it be raised. *Id.*

The legislature in amending La.C.Cr.P. art. 800(A) clearly stated, "A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling." We find that the legislature clearly said what it meant in Article 800(A) and meant what it said. While it is settled that an objection need not be raised by incantation, the article requires that a defendant make a contemporaneous objection to a ruling that has denied his cause challenge, and the article further provides: "The nature of the objection and grounds therefor shall be stated at the time of objection." That did not

---

[4] The United States Supreme Court vacated the judgment and remanded for further consideration in light of *McCoy v. Louisiana*, 584 U.S. ___, 138 S.Ct.1500, 200 L.Ed.2d 821 (2018). *Clark v. Louisiana*, 138 S.Ct. 2671 (Mem.), 201 L.Ed.2d 1066 (June 25, 2018). On remand, this court held that defendant's decision to waive his right to counsel and represent himself during portions of trial was knowingly, intelligently, and voluntarily made. *State v. Clark*, 2012-508 (La. 6/28/19), 285 So.3d 414 (per curiam), *cert. denied*, 141 S.Ct. 272, 208 L.Ed.2d 37 (2020).

8

happen here. Instead, the record shows that defendant did not object to the two rulings that he later assigned as errors on appeal. Therefore, the court of appeal erred in reviewing one of those assignments and in finding that the cause challenge itself sufficed to preserve the issue for appellate review. Accordingly, we reverse the ruling of the court of appeal. We reinstate defendant's conviction and sentence, which we hereby affirm.

**REVERSED AND REINSTATED**

# SUPREME COURT OF LOUISIANA

# No. 2022-K-01824

# STATE OF LOUISIANA

# VS.

# JOSE M. SAGASTUME

*On Writ of Certiorari to the Court of Appeal, Fifth Circuit, Parish of Jefferson*

**GRIFFIN, J., dissents and assigns reasons.**

Respectfully, I find it improbable that the plain meaning of La. C.Cr.P. art. 800(A) has, for forty years, been hiding in plain sight from both this Court and the legislature. *See Borel v. Young*, 07-0419, pp. 9-10 (La. 11/27/07), 989 So.2d 42, 58 (on rehearing) (well-settled rules of statutory construction presume the legislature is aware of the judicial interpretation given to a statute); *Fontenot v. Reddell Vidrine Water Dist.*, 02-0439, pp. 13-14 (La. 1/14/03), 836 So.2d 14, 24. Strict construction mandating redundant formalism does not advance the purposes of an objection – to make the action a party wishes the trial court to take known and the reasons therefore while creating a record for appellate review.